**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **WMC MORTGAGE, LLC,** | : | **Case No. 19–10879 (CSS)** |
| | : | |
| **Debtor.**[1] | : | **Obj. Deadline: Sept. 3, 2019 at 4:00 p.m. (ET)** |
| | : | **Hearing Date: Sept. 13, 2019 at 11:00 a.m. (ET)** |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) EXTENDING ITS EXCLUSIVE PERIODS AND (II) GRANTING RELATED RELIEF**

WMC Mortgage, LLC, ("**WMC**") as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this motion (the "**Motion**"):

## Background

1. On April 23, 2019 (the "**Commencement Date**"), the Debtor commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2. The Debtor commenced this chapter 11 case to resolve the remaining claims against it, which primarily consist of (a) one pending contract action for alleged breaches of representations and warranties relating to the Securitized Asset Backed Receivables LLC Trust 2006-WM2, which is stayed and subject to a proposed settlement, and (b) potential contingent,

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

disputed, and unliquidated unsecured claims relating to the Debtor's former residential mortgage loan origination business.

3. On August 2, 2019, the Debtor filed its *Disclosure Statement for the Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 169] (as amended, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**") and its *Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 168] (as amended, supplemented, or otherwise modified from time to time, the "**Plan**"). A hearing to consider approval of the proposed Disclosure Statement is currently scheduled for September 13, 2019, at 10:00 a.m. (ET).

4. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Mark V. Asdourian in Support of Debtor's Chapter 11 Petition and First-Day Relief* [Docket No. 2] (the "**First Day Declaration**"),[2] which was filed on the Commencement Date and is incorporated herein by reference.

**Jurisdiction**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

7. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. *See* 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day exclusive filing period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. §11 1121(c)(3). The Debtor's initial exclusive period to file a chapter 11 plan (the "**Exclusive Filing Period**") and exclusive period to solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**") are currently set to expire on August 21, 2019, and October 18, 2019, respectively.

8. By this Motion, pursuant to section 1121(d) of the Bankruptcy Code, the Debtor requests entry of an order (i) extending its Exclusive Filing Period for 120 days through and including December 19, 2019, (ii) extending its Exclusive Solicitation Period for approximately 120 days through and including February 18, 2020, without prejudice to the Debtor's rights to seek additional extensions of such periods, and (iii) granting related relief.

9. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Basis for Relief**

10. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods "for cause."[3] The Debtor may seek extensions of the Exclusive Periods at any time before its expiration. "[I]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., the[] Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."[4] Local Rule 9006-2; *see also In re Matter of CPM Energy Sys., Inc.*, 103 B.R. 508, 508 (Bankr. D. Del. 1989) (noting that an extension request made on the 119th day of the original 120–day period established by statute was timely).

11. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension of the Exclusive Periods. The legislative history of section 1121 of the Bankruptcy Code indicates, however, that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

12. In determining whether cause exists to extend a debtor's exclusive periods, a bankruptcy court may consider a variety of factors to assess the totality of circumstances in each case. *See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D.

---

[3] *See* 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

[4] Here, this Motion was filed prior to the expiration of the Exclusive Periods. Accordingly, such periods are automatically extended until the Court has an opportunity to consider the Motion.

Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion."); *In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity"); *In re Adelphia Commc'n Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

13. These factors include, without limitation:

i. the size and complexity of the debtor's case;

ii. the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

iii. the existence of good faith progress towards reorganization;

iv. the fact that the debtor is paying its bills as they become due;

v. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

vi. whether the debtor has made progress in negotiations with its creditors;

vii. the amount of time which has elapsed in the case;

viii. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

ix. whether an unresolved contingency exists.

*See, e.g.*, *Adelphia Commc'n*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

14. Not all of these factors are relevant in every case, and a finding that any one of these factors exist may justify extending a debtor's exclusive periods. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding four factors relevant in determining whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (same).

15. As discussed below, applying the identified standards to the facts of this chapter 11 case demonstrates that ample cause exists to further extend the Exclusive Periods.

**A. <u>The Debtor Has Made "Good Faith Progress"</u>**

16. The Debtor has done much more than simply make "good faith progress" in addressing the issues that have arisen in this chapter 11 case. Indeed, on August 2, 2019, a mere three months after this case was filed, the Debtor filed the Plan and Disclosure Statement. That filing was the culmination of significant effort that commenced with the Debtor obtaining access to postpetition financing that has allowed the Debtor to operate in the ordinary course and fund expenses associated with the chapter 11 case, thereby maximizing value for the benefit of its estate. At the outset of the chapter 11 case, the Debtor focused on obtaining critical "first" and "second day" relief and complying with its duties as debtor in possession under the Bankruptcy Code (e.g., preparing operating reports, filing its schedules of assets and liabilities and statements of financial affairs, and attending the 341 meeting). All the while, the Debtor also focused on the resolution of outstanding claims against it, and has filed its first batch of claim objections in its effort to resolve such claims.[5] In sum, the Debtor has made far more progress in the first few months of this case than many, if not most, non-prepackaged chapter 11 cases.

[5] The Debtor has filed three claim objections [Docket Nos. 155, 182 & 187] (one of which covered three separate claimants) in its effort to resolve the outstanding contingent, disputed, and unliquidated claims filed against it. The Debtor continues to analyze all remaining claims and intends to file additional objections as necessary.

**B. The Requested Extension Has a Proper Purpose**

17. When granting an extension, there should be a reasonable prospect of filing a viable plan. *See In re Cent. Jersey Airport*, 282 B.R. at 183 (approving an extension because the debtors had a reasonable probability of a successful reorganization). The requested extension should not be for an improper purpose, such as pressuring creditors. *See, e.g.*, *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (finding no improper purpose without objections suggesting otherwise).

18. The Debtor is not making this request to delay this chapter 11 case and, in turn, pressure creditors. Rather, the Debtor has already filed, and is seeking a timely confirmation of, the Plan. This is the Debtor's first request for extensions of the Exclusive Periods, and the request is solely to allow the Debtor the time necessary to confirm the Plan, which will maximize the potential recoveries for its stakeholders.

**C. The Debtor Is Current On Payment of Postpetition Administrative Expenses**

19. In determining whether to grant an extension of exclusivity, courts also assess a debtor's liquidity and whether the debtor continues to pay its debts as they become due. *See In re Texaco, Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987).

20. The Debtor continues to manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor continues to pay all ongoing, ordinary course expenses and remains focused on assuring that all administrative expenses are paid on time.

**D. Relatively Little Time Has Elapsed Since This Chapter 11 Case Was Commenced**

21. This is the Debtor's first request for an extension of the Exclusive Periods. The request comes less than four months into this chapter 11 case. Considering the challenges facing

the Debtor at the outset of this case, including the effort it has expended in analyzing and seeking to resolve the claims against it—which both date back many years and are substantively complex— the Debtor has proceeded through this chapter 11 case with speed and efficiency.

**E. <u>The Debtor Has Proposed A Viable Plan</u>**

22. As discussed, the Debtor has already proposed the Plan and intends to solicit votes thereon shortly after the Court's approval of the proposed Disclosure Statement. The Debtor is committed to confirming and consummating the Plan; however, the hearing to confirm the Plan (the "**Plan Confirmation Hearing**") will not take place until after the expiration of the current Exclusive Filing Period. The hearing to approve the Disclosure Statement is currently scheduled for September 13, 2019, and the Plan Confirmation Hearing will be scheduled thereafter.

23. For the reasons stated above, the Debtor submits, consistent with the facts and circumstances of this case, that it satisfies multiple factors justifying the extension of its Exclusive Periods, and that the relief requested herein is appropriate and in its best interests, as well as in the best interests of its estate and creditors.

**<u>Notice</u>**

24. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Richenderfer, Esq.); (b) the holders of the twenty (20) largest unsecured claims against the Debtor; (c) the Securities and Exchange Commission; (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530 (Attn: William Barr); (e) the Internal Revenue Service; (f) the United States Attorney's Office for the District of Delaware; (g) attorneys for GE Capital US Holdings, Inc., Weil, Gotshal & Manges, LLP, 767 Fifth

Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Jacqueline Marcus, Esq.); and (h) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**"). The Debtor respectfully submits that no further notice of this Motion is required.

**No Prior Request**

25. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 20, 2019
Wilmington, Delaware

*/s/ Travis J. Cuomo*

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
Travis J. Cuomo (No. 6501)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
silberglied@rlf.com
shapiro@rlf.com
schlauch@rlf.com
cuomo@rlf.com

*Attorneys for the Debtor*
*and Debtor in Possession*