**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re:                                      :    Chapter 11
                                            :
WMC MORTGAGE, LLC,                          :    Case No. 19–10879 (CSS)
                                            :
             Debtor.¹                       :    Re: Docket Nos. 168, 169, 193 & 212
------------------------------------------------------------ x
```

**ORDER (I) APPROVING DISCLOSURE
STATEMENT, (II) APPROVING THE SOLICITATION
PROCEDURES, (III) SETTING CONFIRMATION HEARING DATE
AND RELATED DEADLINES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of WMC Mortgage, LLC, as debtor and debtor in possession (the "**Debtor**"), for entry of an order (this "**Order**") (i) approving the Proposed Disclosure Statement as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code and approving the form and manner of the Disclosure Statement Hearing Notice, (ii) approving the Solicitation Procedures, (iii) setting the date and time for the Confirmation Hearing and approving certain related deadlines and the Confirmation Hearing Notice, and (iv) granting related relief; the Bankruptcy Court having reviewed the Motion and all pleadings related thereto; the Bankruptcy Court finding that: (a) the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), and (c) notice of the Motion and the Disclosure Statement Hearing, including the Disclosure Statement Hearing Notice, was adequate under the circumstances; and the Bankruptcy Court further finding and concluding that the Proposed Disclosure Statement sufficiently describes, among other things, the Debtor, the chapter 11 case, and the Proposed Plan, and that the Proposed Disclosure Statement therefore (i) allows holders

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 21959879v.5

of Claims and Equity Interests in the Voting Classes to make an informed judgment about the Proposed Plan and (ii) contains "adequate information" as that term is defined in Bankruptcy Code section 1125(a); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE BANKRUPTCY COURT HEREBY FINDS AS FOLLOWS:**

A.    The forms of ballot attached hereto as **Exhibits B-1**, **B-2**, **B-3** and **B4** (collectively, the "**Ballots**") (i) are consistent with Official Form No. 314, (ii) adequately address the particular needs of this chapter 11 case, (iii) are appropriate for the Voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

B.    The period during which the Debtor may solicit votes to accept or reject the Proposed Plan, as established by this Order, provides sufficient time for holders of Claims and Equity Interests to make informed decisions to accept or reject the Proposed Plan and timely submit their Ballots.

C.    The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D.    The contents of the Solicitation Packages and the procedures for providing notice of the Disclosure Statement Hearing and Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Proposed Disclosure Statement is approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code, and the Debtor is authorized to use the Proposed Disclosure Statement in connection with the solicitation of votes in favor of the Proposed Plan.

3. The Confirmation Hearing shall be held on **November 5, 2019 at 10:00 a.m. (Eastern Time)**. The Confirmation Objection Deadline shall be **October 16, 2019 at 4:00 p.m. (Eastern Time)**.

4. Objections to the Proposed Plan, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtor, (d) state with particularity the legal and factual bases for the objection, and (e) be filed, on the Court's docket by no later than the Confirmation Objection Deadline.

5. Objections to the Third-Party Release set forth in Article X.C of the Plan, if any, must be filed on the Court's docket by no later than **October 16, 2019 at 4:00 p.m. (Eastern Time)**.

6. The Debtor and any other party in interest may file memoranda of law in support of confirmation of the Proposed Plan, a consolidated reply to any such objections and/or any affidavits or declarations in support of confirmation of the Proposed Plan by no later than **November 1, 2019 at 12:00 p.m. (Eastern Time)** (or two Business Days prior to the date of any adjourned Confirmation Hearing).

7. The Confirmation Hearing Notice attached hereto as **Exhibit A** is hereby approved.

8. The Publication Notice is hereby approved. At least twenty-one days prior to the Confirmation Objection Deadline or as soon as reasonably practicable thereafter, the Debtor shall publish the Publication Notice in *The New York Times*.

9. The Voting Procedures are hereby approved.

10. The Voting Record Date shall be September 13, 2019. In addition, with respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

11. The Voting Deadline shall be **October 16, 2019 at 5:00 p.m. (Eastern Time)**.

12. The 3018 Motion Deadline shall be **October 14, 2019 at 4:00 p.m. (Eastern Time).** The 3018 Objection Deadline shall **October 21, 2019 at 4:00 p.m. (Eastern Time)**.

13. The Debtor shall serve the Solicitation Packages by regular U.S. mail only on the holders of Claims and Equity Interests in the Voting Classes.

14. In accordance with Bankruptcy Rule 2002, the Debtor shall serve the Confirmation Hearing Notice by regular U.S. mail on all parties in interest. Other than the holders of Claims and Equity Interests in the Voting Classes as of the Voting Record Date, all other interested parties shall only receive a copy of the Confirmation Hearing Notice and shall not receive copies of the Proposed Plan, the Proposed Disclosure Statement and/or the

Disclosure Statement Order unless such parties request such documents in accordance with the procedures set forth in the Confirmation Hearing Notice.

15. The Ballots are hereby approved.

16. The Tabulation Procedures are hereby approved.

17. The terms of this Order shall be effective immediately upon its entry.

18. The Debtor is authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Bankruptcy Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Proposed Plan and any other materials included in the Solicitation Package prior to their distribution; provided, however, that the Debtors will provide the U.S. Trustee with any such non-substantive and ministerial changes.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Order and any disputes arising hereunder.

**Dated: September 13th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 21959879v.5