**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
WMC MORTGAGE, LLC,                                           :   Case No. 19–10879 (CSS)
                                                             :
                    Debtor.¹                                 :   Proposed Obj. Deadline: Nov. 4, 2019 at 12:00 p.m. (ET)
                                                             :   Proposed Hr'g Date: Nov. 5, 2019 at 10:00 a.m. (ET)
------------------------------------------------------------ x
```

**DEBTOR'S MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING OMNIBUS STIPULATION AND AGREEMENT REGARDING PROOFS OF CLAIM BETWEEN THE DEBTOR, HSBC, RBS, BARCLAYS, MORGAN STANLEY, AND WELLS FARGO**

WMC Mortgage, LLC ("**WMC**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this motion (this "**Motion**"):

### Introduction

1.      This Motion represents a major milestone in this chapter 11 case: an agreement among the holders of the five most significant Class 4 General Unsecured Claims[2] that fixes the allowed amount of each holder's claims against the Debtor. This agreement not only clears a path to confirmation of the Plan, but also eliminates the need for potentially costly and protracted litigation concerning the merits of the various claims and enables the Debtor and its Estate to make meaningful distributions to its creditors on or shortly after the Effective Date. In short, this Motion is a victory for every constituency in this case.

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Plan (as defined herein).

## Background

**A.    General**

2.      On April 23, 2019 (the "**Commencement Date**"), the Debtor commenced this chapter 11 case. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

3.      The Debtor commenced this chapter 11 case to resolve the remaining claims against it, which primarily consist of (a) one pending contract action for alleged breaches of representations and warranties relating to the Securitized Asset Backed Receivables LLC Trust 2006-WM2, which is stayed and subject to a proposed settlement, and (b) potential contingent, disputed, and unliquidated unsecured claims relating to the Debtor's former residential mortgage loan origination business.

4.      Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Mark V. Asdourian in Support of Debtor's Chapter 11 Petition and First-Day Relief* [Docket No. 2], which was filed on the Commencement Date and is incorporated herein by reference.

5.      On September 16, 2019, the Debtor filed the solicitation version of the *Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 248] with the Court (as amended, modified or supplemented, the "**Plan**"). The hearing to consider confirmation of the Plan is scheduled for November 5, 2019 at 10:00 a.m. (Eastern Time) (the "**Confirmation Hearing**").

**B.     The Allowed Claims and the Stipulation**

6.      Prior to the General Bar Date, each of HSBC,[3] RBS,[4] Barclays Capital Inc. ("**Barclays**"), Morgan Stanley,[5] and Wells Fargo Bank, National Association ("**Wells Fargo**", and together with HSBC, RBS, Barclays, and Morgan Stanley, the "**Stipulating Parties**") filed certain proofs of claim against the Debtor.  These claims allegedly arise from the Debtor's sale of thousands of residential mortgage loans to third parties (including the Stipulating Parties and/or their affiliates), which were ultimately transferred to various trusts in connection with the securitization of such loans.  The gravamen of the claims is that the Debtor owes the Stipulating Parties certain obligations under loan sale or securitization transaction documents.

7.      Shortly after filing the Plan, the Debtor met and conferred with each of the Stipulating Parties regarding resolution of the Stipulating Parties' proofs of claim.  As a result of these good faith discussions, the Debtor and the Stipulating Parties have entered into that certain *Omnibus Stipulation and Agreement Regarding Proofs of Claim between the Debtor, HSBC, RBS, Barclays, Morgan Stanley, and Wells Fargo* (the "**Stipulation**").  A copy of the Stipulation is attached as **Exhibit 1** to the Proposed Order (as defined herein).

8.      Subject to the Court's approval of the Stipulation, the Stipulation provides for, among other things, the following:[6]

   a. the prepetition Claims of the Stipulating Parties are Allowed in the amounts set forth in the Stipulation;

   b. each Stipulating Party will receive a Distribution in the amount set forth in the Stipulation within two days of the Effective Date;

---

[3] HSBC means, collectively, HSBC Bank USA, National Association, HSBC USA Inc., HSI Asset Securitization Corp., and HSBC Bank Securities (USA) Inc.

[4] RBS means "RBS Claimants", as that term is defined in Claim No. 10008.

[5] Morgan Stanley has the definition ascribed to it in Claim No. 3.

[6] This summary of the Stipulation is qualified in its entirety by reference to the provisions of the Stipulation.

    c. each Stipulating Party will receive its Pro Rata Share of any subsequent Distributions made to Class 4 Beneficiates under the Plan; and

    d. each Stipulating Party is required to vote, or cause to be voted, its respective Allowed Claim (as defined in the Stipulation) and to otherwise support the Plan.

9. In addition, under the Stipulation, the Debtors have agreed to adjourn the Confirmation Hearing if the Court denies approval of the Stipulation or does not render a ruling on the Stipulation at or prior to the Confirmation Hearing. Further, to the extent the Court denies approval of the Stipulation, then the Stipulating Parties are permitted to, among other things, change their votes on, and file objections to confirmation of, the Plan.

## Jurisdiction

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11. Pursuant to rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

12. By this Motion the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105 of the

Bankruptcy Code and Bankruptcy Rule 9019 approving the Stipulation according to the terms thereof.

### Basis for Relief

13. Section 105 of the Bankruptcy Code provides that the "[c]ourt may issue any order, process of judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9019 provides that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See, e.g.*, *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The Third Circuit has emphasized that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citation omitted); *see also In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding that settlements are "generally favored in bankruptcy"). Furthermore, the decision to accept or reject a compromise or settlement is within the sound discretion of the Court. *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010); *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).

14. In determining whether a proposed settlement is fair, reasonable, and in the best interests of the estate, courts in the Third Circuit consider the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002); *In re eToys, Inc.*, 331 B.R. 176, 198 (Bankr. D. Del. 2005).

15. Importantly, a proposed settlement need not constitute the best possible outcome available to a debtor or its estates, nor must the Court conduct a "mini-trial" to assess the proposed settlement. *See In re Tribune Co.*, 464 B.R. 126, 175 (Bankr. D. Del. 2011). Rather, a bankruptcy court should approve a proposed settlement if it falls "above the lowest point in the range of reasonable litigation possibilities." *Id.*; *accord In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004). Thus, a settlement need not be perfect to be approved by a court under Bankruptcy Rule 9019; the settlement simply must fall above the lowest level in the range of reasonableness.

16. Here, the Stipulation is a valid exercise of the Debtor's business judgment and is well within the range of reasonableness required by Bankruptcy Rule 9019. The Stipulation fixes the amount of the Stipulating Parties' Allowed prepetition Claims under the Plan and eliminates all potential litigation concerning the merits of such Claims. Indeed, the stipulated amounts of the Allowed Claims represent a substantial reduction in the original amounts asserted by four of the five Stipulating Parties. It also sets the amount of the fifth, which was filed by Wells Fargo in an unliquidated amount, thereby avoiding the delay and costs associated with liquidating that proof of claim and eliminating the need for reserving for such claim.

17. In addition, the treatment of each Allowed Claim has been agreed to by every other large creditor in Class 4, thereby further supporting the Debtor's business judgment that its entry into the Stipulation is fair and reasonable. The Stipulation also ensures that the

Stipulating Parties will vote to accept the Plan and refrain from objecting to confirmation, thereby ensuring a fully consensual Confirmation Hearing. Finally, the Stipulation is the result of extensive, good faith and arms'-length negotiations among the Debtor and the Stipulating Parties.

18. Accordingly, the Debtor respectfully submits that entry of the Proposed Order authorizing and approving the Stipulation is in the best interest of the Debtor's Estate.

## Notice

19. Notice of this Motion shall be provided to: (a) the U.S. Trustee (Attn: Linda Richenderfer, Esq.); (b) the holders of the twenty (20) largest unsecured claims against the Debtor; (c) the Securities and Exchange Commission; (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530 (Attn: William Barr); (e) the Internal Revenue Service; (f) the United States Attorney's Office for the District of Delaware; (g) attorneys for GE Capital US Holdings, Inc., Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Jacqueline Marcus, Esq.); (h) the Stipulating Parties; and (i) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**"). The Debtor respectfully submits that no further notice of this Motion is required.

**No Prior Request**

20. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 30, 2019
      Wilmington, Delaware

*/s/ Mark D. Collins*
_____
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
Travis J. Cuomo (No. 6501)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
      silberglied@rlf.com
      shapiro@rlf.com
      schlauch@rlf.com
      cuomo@rlf.com

*Attorneys for the Debtor*
*and Debtor in Possession*