# **EXHIBIT A**

## **Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x

| | |
|---|---|
| *In re:* | :    **Chapter 11** |
| | : |
| **WMC MORTGAGE, LLC,** | :    **Case No. 19–10879 (CSS)** |
| | : |
| **Debtor.**[1] | :    Re: Docket No. ___ |
| | : |

------------------------------------------------------------ x

## ORDER AUTHORIZING AND APPROVING
## OMNIBUS STIPULATION AND AGREEMENT REGARDING
## PROOFS OF CLAIM BETWEEN THE DEBTOR, HSBC, RBS, BARCLAYS,
## MORGAN STANLEY, AND WELLS FARGO

Upon the motion (the "**Motion**"),[2] of the Debtor for entry of an order authoring and approving the Stipulation among the Debtor and the Stipulating Parties, as set forth more fully in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in this district is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

1.      The Motion is GRANTED as set forth herein.

2.      The Stipulation, a copy of which is attached hereto as **Exhibit 1**, is approved in its entirety pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, and is entered as an order of the Court.

3.      The Debtor and its Estate are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including the implementation, interpretation, and enforcement of the Stipulation.

## **EXHIBIT 1**

**Stipulation**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

*In re:*                                   :      **Chapter 11**

                                             :

**WMC MORTGAGE, LLC,**             :      **Case No. 19–10879 (CSS)**

                                             :

           **Debtor.**[1]                  :

                                             :

---------------------------------------------------------- x

### OMNIBUS STIPULATION AND AGREEMENT REGARDING
### PROOFS OF CLAIM BETWEEN THE DEBTOR,
### HSBC, RBS, BARCLAYS, MORGAN STANLEY, AND WELLS FARGO

WMC Mortgage, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), and (i) HSBC,[2] (ii) RBS,[3] (iii) Barclays Capital Inc. ("**Barclays**"), (iv) Morgan Stanley,[4] and (v) Wells Fargo Bank, National Association ("**Wells Fargo**", and together with HSBC, RBS, Barclays, and Morgan Stanley, the "**Stipulating Parties**"), by and through their undersigned counsel, hereby enter into this stipulation and agreement (this "**Stipulation**"), as follows:

WHEREAS, on April 23, 2019, the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

WHEREAS, on June 14, 2019, Morgan Stanley filed a proof of claim [Claim No. 3] in the amount of $219,394,282.00 (the "**Morgan Stanley Claim**").

WHEREAS, on June 26, 2019, RBS filed a proof of claim [Claim No. 10008] in the amount of $95,400,000.00 (the "**RBS Claim**").

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] HSBC means, collectively, HSBC Bank USA, National Association, HSBC USA Inc., HSI Asset Securitization Corp., and HSBC Bank Securities (USA) Inc.

[3] RBS means "RBS Claimants", as that term is defined in Claim No. 10008.

[4] Morgan Stanley has the definition ascribed to it in Claim No. 3.

WHEREAS, on June 26, 2019, Barclays filed a proof of claim [Claim No. 5] in the amount of $142,800,649.59 (the "**Barclays Claim**").

WHEREAS, on June 27, 2019, HSBC filed four (4) proofs of claim [Claim Nos. 10033 – 10036] in unliquidated amounts (collectively, the "**HSBC Claim**").

WHEREAS, on June 27, 2019, Wells Fargo filed a proof of claim [Claim No. 7] in an unliquidated amount (the "**Wells Fargo Claim**").

WHEREAS, on September 16, 2019, the Debtor filed the solicitation version of the *Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 248] (as amended, supplemented or otherwise modified, the "**Plan**")[5] with the Court.

WHEREAS, the Debtor has met and conferred separately with each of the Stipulating Parties, and each has agreed to resolve and settle their respective Claims as set forth below.

NOW, THEREFORE, the Debtor and each of the Stipulating Parties agree and stipulate as follows:

1.    In full, complete, and final satisfaction of any and all Claims, rights, or causes of action that HSBC may have against the Debtor that arose on or before the Effective Date, the HSBC Claim shall be Allowed in the amount of $17,147,476.38, and, subject to the Effective Date of the Plan, shall receive a Distribution under the Plan in the amount of $7,624,181.25 within two (2) business days of the Effective Date (the "**HSBC Distribution**") and its Pro Rata[6] share of any subsequent Distributions made to Class 4 Beneficiaries under the Plan.

---

[5] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Plan.

[6] As used herein, each Class 4 Beneficiary's Pro Rata share of any subsequent Distributions will be determined consistent with its share of the Distributions to Class 4 Beneficiaries on the Initial Distribution Date; *i.e.*, the Distribution amount identified herein divided by the total Distributions to Class 4 Beneficiaries on the Initial Distribution Date; *subject to* any additional Allowed Class 4 Claims that are entitled to receive Distributions.

2

2.      In full, complete, and final satisfaction of any and all Claims, rights, or causes of action that RBS may have against the Debtor that arose on or before the Effective Date, the RBS Claim shall be Allowed in the amount of $10,494,000, and, subject to the Effective Date of the Plan, shall receive a Distribution under the Plan in the amount of $4,665,885.61 within two (2) business days of the Effective Date (the "**RBS Distribution**") and its Pro Rata share of any subsequent Distributions made to Class 4 Beneficiaries under the Plan.

3.      In full, complete, and final satisfaction of any and all Claims, rights, or causes of action that Barclays may have against the Debtor that arose on or before the Effective Date, the Barclays Claim shall be Allowed in the amount of $17,850,081.20, and, subject to the Effective Date of the Plan, shall receive a Distribution under the Plan in the amount of $7,936,576.81 within two (2) business days of the Effective Date (the "**Barclays Distribution**") and its Pro Rata share of any subsequent Distributions made to Class 4 Beneficiaries under the Plan.

4.      In full, complete, and final satisfaction of any and all Claims, rights, or causes of action that Morgan Stanley may have against the Debtor that arose on or before the Effective Date, the Morgan Stanley Claim shall be Allowed in the amount of $27,424,285.25, and, subject to the Effective Date of the Plan, shall receive a Distribution under the Plan in the amount of $12,193,498.95 within two (2) business days of the Effective Date (the "**Morgan Stanley Distribution**") and its Pro Rata share of any subsequent Distributions made to Class 4 Beneficiaries under the Plan.

5.      In full, complete, and final satisfaction of any and all Claims, rights, or causes of action that Wells Fargo may have against the Debtor that arose on or before the Effective Date, the Wells Fargo Claim shall be Allowed in an unliquidated amount and, subject to the Effective

3

Date of the Plan,[7] shall receive a Distribution under the Plan in the amount of $1,533,953.25 within two (2) business days of the Effective Date (the "**Wells Fargo Distribution**") and its Pro Rata share of any subsequent Distributions made to Class 4 Beneficiaries under the Plan.

6.      Each of the Stipulating Parties agrees that it shall:  (i) vote or cause to be voted its Claims Allowed by this Stipulation (the "**Allowed Claims**") to accept the Plan by delivering its duly executed and completed ballot or ballots accepting the Plan on or before October 30, 2019 at 5 p.m. Eastern Time; (ii) not change or withdraw (or cause to be changed or withdrawn) any such vote; (iii) timely vote (or cause to be voted) its Allowed Claims against any restructuring or liquidation transaction other than the Plan; (iv) not object to, delay, impede, or take any other action to interfere with acceptance or implementation of the Plan, including any objection to Article X of the Plan; (v) not directly or indirectly seek, solicit, encourage, propose, file, assist, support, participate in the formulation of, or vote for, any alternative restructuring or liquidation transaction, or otherwise take any action that is inconsistent with or that would reasonably be expected to prevent, interfere with, delay, impede, or postpone the consummation of the Plan; and (vi) not take any other action inconsistent with its obligations under this Stipulation.

7.      The Debtor shall amend the Plan to provide that (i) the Effective Date of the Plan shall be conditioned upon Bankruptcy Court approval of this Stipulation, and (ii) payment of the HSBC Distribution, the RBS Distribution, the Barclays Distribution, the Morgan Stanley Distribution and the Wells Fargo Distribution (collectively, the "**Initial Distributions**") shall be made within two (2) business days of the Effective Date.

---

[7] Nothing in this Stipulation shall, or is intended to, affect any rights that Wells Fargo has as trustee of the Securitized Asset Backed Receivables LLC Trust 2006-WM2 under the TMI Settlement or Class 3 of the Plan.

4

8.      To the extent any Stipulating Party would like to receive its Initial Distribution via wire transfer, such Stipulating Party shall provide detailed wire instructions to the Debtor on or before November 5, 2019.

9.      If the Effective Date does not occur within 60 days of Bankruptcy Court approval of this Stipulation, this Stipulation shall automatically become null and void and of no further force or effect.

10.     This Stipulation will be effective on the date on which the Court enters an order approving this Stipulation.  The Debtor and the Stipulating Parties agree that the Court's approval of this Stipulation will constitute allowance of their Allowed Claims as set forth herein.

11.     If the Court denies approval of this Stipulation or does not render a ruling on this Stipulation at or prior to the commencement of the hearing to consider confirmation of the Plan scheduled for November 5, 2019 (the "**November 5 Confirmation Date**"), the Debtor will adjourn such hearing and reset the objection and voting deadlines solely for the Stipulating Parties (the "**Reset Objection/Voting Deadline**").  If the Court denies approval of this Stipulation, the Stipulating Parties may (i) change their votes on the Plan, and (ii) file objections to confirmation of the Plan by the Reset Objection/Voting Deadline (it being understood that in no event will the Stipulating Parties have less than seven (7) days from any such denial to change their votes and file objections to confirmation of the Plan), and the Court will reschedule the November 5 Confirmation Date to a date that is at least seven (7) days after such Reset Objection/Voting Deadline so as to allow the Debtor to file a reply to any such objections.

12.     Each of the Stipulating Parties and the Debtor represents and warrants to each other that the signatories to this Stipulation have full power and authority to enter into this

Stipulation.  This Stipulation is conditioned upon all of the Stipulating Parties entering into the Stipulation.

13.     The Court will retain exclusive jurisdiction to hear any disputes arising from or related to this Stipulation.

14.     The Stipulating Parties and the Debtor agree that the Debtor's claims and noticing agent is authorized to take all actions necessary to implement this Stipulation.

*[remainder of page intentionally left blank]*

6

Dated: October 30, 2019

| | |
|---|---|
| *[signature]* | /s/ Robert J. Dehney |
| Mark D. Collins (No. 2981) | Robert J. Dehney (No. 3578) |
| Russell C. Silberglied (No. 3462) | Andrew R. Remming (No. 5120) |
| Zachary I. Shapiro (No. 5103) | Paige N. Topper (No. 6470) |
| Brendan J. Schlauch (No. 6115) | MORRIS, NICHOLS, ARSHT & |
| RICHARDS, LAYTON & FINGER, P.A. | TUNNELL LLP |
| One Rodney Square | 1201 N. Market St., 16th Flr. |
| 920 North King Street | Wilmington, DE 19899-1347 |
| Wilmington, DE 19801 | Telephone: (302) 658-9200 |
| Telephone: (302) 651-7700 | Email: rdehney@mnat.com |
| Email: collins@rlf.com | aremming@mnat.com |
| silberglied@rlf.com | ptopper@mnat.com |
| shapiro@rlf.com | |
| schlauch@rlf.com | -and- |

*Counsel for the Debtor and*
*Debtor-in-Possession*

    /s/ Jaime D. Sneider
Damien J. Marshall (admitted *pro hac vice*)
Jaime D. Sneider (admitted *pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: dmarshall@bsfllp.com
jsneider@bsfllp.com

*Counsel to HSBC*

7

Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
Telephone: (212) 455-2472
Email: aturner@stblaw.com

*Counsel for RBS*

James Meadows, Authorized Signatory
BARCLAYS CAPITAL INC.
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 526-7000
Email: james.meadows@barclays.com

*On behalf of Barclays*

Gregg M. Galardi
Gregg Weiner
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Email: gregg.galardi@ropesgray.com
       gregg.weiner@ropesgray.com

*Counsel for Morgan Stanley*

Kaela McCabe
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
Telephone: (612) 766-8352
Email: kaela.mccabe@faegrebd.com

*Counsel for Wells Fargo*

8

Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
Telephone:  (212) 455-2472
Email:  aturner@stblaw.com

*Counsel for RBS*

Gregg M. Galardi
Gregg Weiner
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Email:  gregg.galardi@ropesgray.com
         gregg.weiner@ropesgray.com

*Counsel for Morgan Stanley*

James Meadows, Authorized Signatory
BARCLAYS CAPITAL INC.
745 Seventh Avenue
New York, NY 10019
Telephone:  (212) 526-7000
Email:  james.meadows@barclays.com

*On behalf of Barclays*

Kaela McCabe
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
Telephone:  (612) 766-8352
Email:  kaela.mccabe@faegrebd.com

*Counsel for Wells Fargo*

8

Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
Telephone: (212) 455-2472
Email: aturner@stblaw.com

*Counsel for RBS*

James Meadows, Authorized Signatory
BARCLAYS CAPITAL INC.
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 526-7000
Email: james.meadows@barclays.com

*On behalf of Barclays*

Gregg M. Galardi
Gregg Weiner
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Email: gregg.galardi@ropesgray.com
            gregg.weiner@ropesgray.com

*Counsel for Morgan Stanley*

Kaela McCabe
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
Telephone: (612) 766-8352
Email: kaela.mccabe@faegrebd.com

*Counsel for Wells Fargo*

7

Alan C. Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017
Telephone: (212) 455-2472
Email: aturner@stblaw.com

*Counsel for RBS*


Gregg M. Galardi
Gregg Weiner
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Email: gregg.galardi@ropesgray.com
        gregg.weiner@ropesgray.com

*Counsel for Morgan Stanley*

James Meadows, Authorized Signatory
BARCLAYS CAPITAL INC.
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 526-7000
Email: james.meadows@barclays.com

*On behalf of Barclays*


Stephen M. Mertz
Michael F. Doty
Kaela T. McCabe
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
Telephone: (612) 766-7000
Email: stephen.mertz@faegrebd.com
        michael.doty@faegrebd.com
        kaela.mccabe@faegrebd.com

*Counsel for Wells Fargo*

8