**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
*In re:*                                                                          :          Chapter 11
                                                                                         :
**WMC MORTGAGE, LLC,**                                         :          Case No. 19–10879 (CSS)
                                                                                         :
                      Debtor.[1]                                             :
                                                                                         :          Re: Docket Nos. 248 & 303
---------------------------------------------------------------- x

### ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF WMC MORTGAGE, LLC

Upon the filing by WMC Mortgage, LLC, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), of the *First Amended Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 303] (as may be amended, modified or supplemented, the "**Plan**"),[2] which is attached hereto as **Exhibit A**; and the Court previously having approved the Disclosure Statement and the solicitation procedures related to the Disclosure Statement and the solicitation of acceptances and rejections of the Plan, in each case, pursuant to the Disclosure Statement Order; and the Debtor having served the Plan, the Disclosure Statement and the other documents required by the Disclosure Statement Order on the holders of Claims and Equity Interests pursuant to the Disclosure Statement Order; and the Debtor having filed the documents comprising the Plan Supplement on October 9, 2019 and November 1, 2019 [Docket Nos. 280 & 305] (as may be amended, modified or supplemented, the "**Plan Supplement**"); and the Court having considered the declarations submitted in support of confirmation of the Plan [Docket Nos. 307 & 308] (the "**Confirmation Declarations**"); and

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] Capitalized terms used in this Confirmation Order but not otherwise defined shall have the same meaning as in the Plan.

the Court having considered the record in this chapter 11 case, the stakeholder support for the Plan evidenced on the record and in the *Declaration of Joseph Arena on Behalf of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on the First Amended Chapter 11 Plan of Liquidation of WMC Mortgage, LLC*, filed on November 1, 2019 [Docket No. 309] (the "**Voting Certification**"), the compromises and settlements embodied in and contemplated by the Plan, the briefs and arguments of counsel regarding confirmation of the Plan, including the *Memorandum of Law in Support of Confirmation of the First Amended Chapter 11 Plan of Liquidating of WMC Mortgage* [Docket No. 306] (the "**Confirmation Brief**" and together with the Confirmation Declarations and the Voting Certification, the "**Confirmation Documents**"), and the evidence regarding confirmation of the Plan; and the hearing to consider confirmation of the Plan having occurred on November 5, 2019 (the "**Confirmation Hearing**"); and after due deliberation:

**THE COURT HEREBY FINDS:**

A.     The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     The Debtor is an eligible debtor under section 109 of the Bankruptcy Code, and, pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in accordance with the terms set forth herein to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409.  The Debtor is a proper plan proponent under section 1121(a) of the Bankruptcy Code.

        C.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

        D.      The Debtor has met the burden of proving that the Plan satisfies the elements of 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

        E.      The Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  As is evidenced by the *Affidavit of Service of Solicitation Materials* [Docket No. 268], the transmittal and service of the Plan, the Disclosure Statement, and the other documents required by the Disclosure Statement Order were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing objections to (i) confirmation of the Plan and (ii) the Releases set forth in Article X.C of the Plan (the "**Third Party Releases**")) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law and such parties have had an opportunity to appear and be heard with respect thereto.  No other further notice is required.

        F.      The Plan has been proposed in good faith and not by any means forbidden by law.  In so finding, the Court has considered the totality of the circumstances of this chapter 11 case, and found that all constituencies acted in good faith.  The Plan is the result of extensive, good faith, arm's length negotiations among the Debtor and its principal constituencies.

G. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

H. As set forth below, the Releases, injunctions, and exculpations set forth in Article X of the Plan are appropriate under applicable law.

    (a) <u>Third Party Releases</u>. As set forth in the Confirmation Documents, the Third Party Releases being provided by the Releasing Parties in favor of the Released Parties are appropriate in that such releases are consensual. In the alternative, to the extent such releases are not consensual, such releases satisfy the standard articulated in *Continental Airlines (In re Continental Airlines)*, 203 F.3d 203 (3d Cir. 2000).

    (b) <u>Debtor Releases</u>. As set forth in the Confirmation Documents, the releases being provided by the Debtor in favor of the Released Parties, the Independent Director, and the Mortgage Reconciliation Work Escrow Agent, pursuant to Article X.A of the Plan (the "**Debtor Releases**") are (i) fair, equitable and reasonable, (ii) integral elements of the Plan and resolution of this chapter 11 case, without which the Debtor's ability to confirm the Plan would be seriously impaired, and (iii) in the best interests of the Debtor, the Estate and creditors. Accordingly, the Debtor Releases constitute a sound exercise of the Debtor's business judgment and, to the extent applicable, otherwise satisfy the standard articulated in *In re Master Mortg. Inv. Fund, Inc.*, 168 B.R. 930 (Bankr. W.D. Mo. 1994).

    (c) <u>Exculpation</u>. As set forth in the Confirmation Documents, the exculpations in favor of the Exculpated Parties in Article X.B of the Plan (the "**Exculpation Provision**") are appropriate in that the Exculpated Parties are estate fiduciaries and no Exculpated Party is being exculpated for acts or omissions that constitute willful misconduct or gross negligence. Accordingly, the Exculpation Provision complies with the standard articulated in *In re PWS Holding Corp.*, 228 F.3d 224 (3d Cir. 2000).

    (d) <u>Injunction</u>. As set forth in the Confirmation Documents, the injunction set forth in Article X.D of the Plan (the "**Injunction Provision**") is appropriate in that such injunction is necessary to implement, preserve and enforce the releases and exculpations set forth in Article X of the Plan, and is narrowly tailored to achieve such purpose.

I. Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for, among other things, the classification, distributions, releases and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan,

including the Sponsor Settlement and the TMI Settlement, shall constitute a good-faith compromise and settlement of all Claims, Equity Interests, Causes of Action, and controversies resolved pursuant to the Plan, the Sponsor Settlement and the TMI Settlement.  These compromises and settlements, including the Sponsor Settlement and the TMI Settlement, are in the best interests of the Debtor, its Estate, the Debtor's creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

        J.        The Plan does not discriminate unfairly among the different classes of creditors and equity security holders and does not offend the fair and equitable standard of the Bankruptcy Code because grounds and justifications exist for treating the classes differently in this chapter 11 case.

**FURTHER, IT IS HEREBY ORDERED THAT:**

**A.    Confirmation of the Plan and Approval of the Sponsor Settlement and the TMI Settlement**

        1.        The Plan is confirmed and approved in all respects.

        2.        Each of the Sponsor Settlement and the TMI Settlement satisfies the requirements of Bankruptcy Rule 9019 and is approved.  The compromises and settlements set forth in the Plan, as reflected in the relative distributions to and recoveries of holders of Claims under the Plan, are approved pursuant to Bankruptcy Rule 9019(a), including with respect to each of the Sponsor Settlement and the TMI Settlement, and shall be effective immediately and binding on all parties in interest on the Effective Date.

        3.        Any and all objections to the Plan that have not been withdrawn or resolved prior to the Confirmation Hearing are hereby overruled.

        4.        The documents contained in the Plan Supplement are integral to the Plan and are approved by the Court, and each of the Debtor, the Post-Effective Date Debtor, the Post-

Effective Date Officer, the Independent Director, the Liquidating Trust, the Liquidating Trustee, the Service Provider, and the Mortgage Reconciliation Work Escrow Agent are authorized to take all actions required under the Plan and the Plan Supplement to effectuate the Plan and the transactions contemplated therein.

5. The terms of the Plan, the Plan Supplement, and the exhibits thereto (including, without limitation, the Sponsor Settlement and the TMI Settlement) are incorporated herein by reference and are an integral part of this Confirmation Order. The terms of the Plan, the Plan Supplement, all exhibits thereto (including, without limitation, the Sponsor Settlement and the TMI Settlement), and all other relevant and necessary documents executed or to be executed in connection with the transactions contemplated by the Plan shall be effective and binding as of the Effective Date. Subject to the terms of the Plan, the Debtor may alter, amend, update or modify the Plan Supplement before the Effective Date. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

6. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan. In accordance with section 1142(b) of the Bankruptcy Code, upon the entry of this Confirmation Order, the Debtor, the Post-Effective Date Debtor, the Post-Effective Date Officer, the Independent Director, the Service Provider, the Mortgage Reconciliation Work Escrow Agent, the Liquidating Trust, and the Liquidating Trustee, as applicable, each acting by and through their

respective officers and agents, are authorized to take any and all actions necessary or appropriate to implement the Plan, including, without limitation, (i) consummating the Sponsor Settlement and the TMI Settlement, (ii) forming the Liquidating Trust and entering into the Liquidating Trust Agreement (substantially in the form included in the Plan Supplement), (iii) entering into the Post-Effective Date Debtor Organizational Documents (substantially in the form included in the Plan Supplement) and executing the Power of Attorney in accordance therewith, (iv) entering into the Exit Financing Documents (substantially in the form included in the Plan Supplement) and consummating the Exit Financing, (v) entering into the Mortgage Reconciliation Work Escrow Agreement (substantially in the form included in the Plan Supplement), (vi) entering into the Independent Director Agreement (substantially in the form included in the Plan Supplement), (vii) entering into the Transition Services Agreement (substantially in the form included in the Plan Supplement), (viii) entering into the Legal Services Agreement, and (ix) transferring all remaining Mortgage Reconciliation Work Funds, if any, to the Mortgage Reconciliation Work Escrow Account and/or an Approved Charity, as applicable, in each case, without any further order of the Court. The Liquidating Trust shall be deemed for all purposes to have been created in connection with the Plan and this Confirmation Order.

7. Subject to payment of any applicable filing fees under applicable non-bankruptcy law, each federal, state, commonwealth, local, foreign or other governmental agency is authorized to accept for filing and/or recording any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

8. The amendments and modifications to the *Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 248] since the filing thereof, including as reflected herein,

7

and incorporated into and reflected in the Plan are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules.

9. For the avoidance of doubt, pursuant to Bankruptcy Rule 3020(c)(1), the following provisions in the Plan are hereby approved and shall be effective immediately on the Effective Date without further order or action by the Court, any of the parties to such release, or any other Entity: (a) the Debtor Releases (Article X.A); (b) the Exculpation Provision (Article X.B); (c) the Third Party Releases (Article X.C); and (d) the Injunction Provision (Article X.D).

10. Except as set forth in the Plan or this Confirmation Order, on the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of any claim, encumbrance or other interest. In addition, except as set forth in the Plan or this Confirmation Order, on the Effective Date, the Post-Effective Date Debtor Assets shall vest in the Post-Effective Date Debtor free and clear of any claim, encumbrance or other interest; *provided*, *however*, that the Exit Financing Collateral shall be subject to valid, binding, perfected and enforceable liens with the priority set forth in the Exit Financing Documents.

11. The Post-Effective Date Debtor shall cause to be served a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in the form attached hereto as **Exhibit B** (the "**Effective Date Notice**"), upon all parties listed in the creditor matrix maintained by Epiq Corporate Restructuring, LLC no later than five (5) business days after the Effective Date.

**B.     Liquidating Trust**

12. The Court finds that entry into the Liquidating Trust Agreement (substantially in the form included in the Plan Supplement) is a reasonable exercise of the Debtor's business judgment. The entry by the Debtor into the Liquidating Trust Agreement is

approved and shall not be in conflict with any federal or state law. Further, the appointment of Mark V. Asdourian, Esq., as Liquidating Trustee is approved.

**C.     Post-Effective Date Debtor**

13.   On the Effective Date, all existing Equity Interests in the Debtor shall be cancelled and the Post-Effective Date Officer shall be deemed to hold one limited liability company interest in the Post-Effective Date Debtor solely for the benefit of holders of Allowed Claims (other than holders of Allowed Class 4 General Unsecured Claims). For the avoidance of doubt, the Post-Effective Date Officer shall not be entitled to receive any Distribution under the Plan on account of such limited liability company interest. The Post-Effective Date Debtor Organizational Documents are approved and do not conflict with any federal or state law. Further, the appointments of Mark V. Asdourian, Esq., as the Post-Effective Date Officer, and Michael Jacoby, as the Independent Director, are approved.

**D.     Exit Financing**

14.   The Debtor and the Post Effective Date Debtor are hereby authorized to enter into, the Exit Financing Documents and take such actions as are necessary or desirable to perform under the Exit Financing. Upon the closing of the Exit Financing, the lender thereunder shall have valid, binding, perfected and enforceable liens on the Exit Financing Collateral with the priority set forth in the Exit Financing Documents, and subject only to such liens and security interests as may be permitted under the Exit Financing Documents, and the Debtor and the Post Effective Date Debtor, as applicable, are hereby authorized to make any and all filings and recordings necessary or desirable in connection with such liens. The obligations, guarantees, mortgages, pledges, liens and other security interests granted pursuant to or in connection with the Exit Financing are granted in good faith, for good and valuable consideration and for legitimate business purposes as an inducement to the lender to extend credit thereunder and shall

be, and hereby are, deemed not to constitute a fraudulent conveyance or fraudulent transfer and shall not otherwise be subject to avoidance or recharacterization.

E.     **Administrative Expense Claims Bar Date**

15.    Except as otherwise provided in the DIP Order, the General Bar Date Order or the Plan, requests for payment of Administrative Expense Claims other than the DIP Loan Claim must be filed with the Bankruptcy Court and served on the Post-Effective Date Debtor, the U.S. Trustee, and Epiq Corporate Restructuring, LLC in its capacity as the Debtor's claims and noticing agent, within thirty (30) days from the date of service of the Effective Date Notice.  Such proof of Administrative Expense Claim must include at a minimum: (i) the name of the holder of the Administrative Expense Claim; (ii) the asserted amount of the Administrative Expense Claim; (iii) the basis of the Administrative Expense Claim; and (iv) supporting documentation for the Administrative Expense Claim.  FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISALLOWED. IF FOR ANY REASON ANY SUCH ADMINISTRATIVE EXPENSE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL NOT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN AND SHALL BE SUBJECT TO THE INJUNCTION PROVISION.

F.     **Miscellaneous**

16.    The Plan shall not become effective unless and until all conditions set forth in Article IX.A of the Plan have been satisfied or waived pursuant to Article IX of the Plan.

17.    Notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Confirmation Order shall be effective and enforceable immediately upon its entry.

18. Following (a) the liquidation and collection of the Post-Effective Date Debtor Assets, (b) the payment and satisfaction of the Exit Financing or the assignment of the Exit Financing Collateral to the Exit Lender, (c) the payment and satisfaction of the Post-Effective Date Debtor Expenses, (d) the Distributions authorized under the Plan to holders of Allowed Claims (other than Class 4 – General Unsecured Claims), (e) the transfer of any Excess Post-Effective Date Debtor Assets to the Liquidating Trust, (f) the execution of the Power of Attorney and transfer of the Mortgage Reconciliation Work Funds to the Mortgage Reconciliation Work Account, as necessary, and (g) the completion of all other actions necessary and appropriate under applicable law to wind-up the affairs of the Post-Effective Date Debtor, the Post-Effective Date Officer, on behalf of the Post-Effective Date Debtor, is authorized to and shall (x) complete and file the Post-Effective Date Debtor's final federal, state and local tax returns and (y) file the Post-Effective Date Debtor's certificate of dissolution, cancellation, termination or such similar document, together with all other necessary documents, to effect the Post-Effective Date Debtor's dissolution and/or termination of its existence under the applicable laws of Delaware.  The filing of the Debtor's certificate of dissolution, cancellation, termination or such similar document shall be authorized and approved in all respects without further action under applicable law, regulation, order or rule, including, without limitation, any action by the stockholders, members or the board of directors of the Post-Effective Date Debtor.

19. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor, the Post-Effective Date Debtor, or the

Liquidating Trust (as applicable) prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, the Plan Supplement, and any amendments or modifications to the foregoing.

20. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

21. To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

22. Except as otherwise may be provided in the Plan or herein, notice of all subsequent pleadings in this chapter 11 case after the Effective Date shall be limited to the following parties: (i) the Post-Effective Date Debtor and its counsel; (ii) the Liquidating Trust and its counsel; (iii) the U.S. Trustee, (iv) counsel to GE Capital US Holdings, Inc., (v) the Mortgage Reconciliation Work Escrow Agent and (vi) any party known to be directly affected by the relief sought.

**Dated: November 5th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**