# EXHIBIT A

**Form of Liquidating Trust Agreement**

EXECUTION VERSION

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (as amended, supplemented or modified from time to time, the "Liquidating Trust Agreement") is made as of December 12, 2019, by and between WMC Mortgage, LLC ("Debtor"), as debtor and debtor in possession and on behalf of itself and its bankruptcy estate, and Mark V. Asdourian, as trustee of the Liquidating Trust formed hereunder (in such capacity, the "Liquidating Trustee"), executed pursuant to the *First Amended Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 303] (the "Plan"), confirmed by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on November 5, 2019, in Case Number 19-10879 (CSS). The Plan provides for the establishment of the liquidating trust created hereby (the "Liquidating Trust"). Except with respect to the terms defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Plan.

## W I T N E S S E T H

WHEREAS, on April 23, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

WHEREAS, Article V of the Plan provides for the establishment of the Liquidating Trust;

WHEREAS, the Liquidating Trust is created on behalf of, and for the benefit of, the Class 4 Beneficiaries of the Plan (collectively, the "Liquidating Trust Beneficiaries");

WHEREAS, the Liquidating Trust is intended to qualify as a liquidating trust within the meaning of United States Treasury Regulations Section 301.7701-4(d) and to be exempt from the requirements of the Investment Company Act of 1940;

WHEREAS, in the event that the Liquidating Trust shall fail or cease to qualify as a liquidating trust in accordance with Treasury Regulations Section 301.7701-4(d), the parties intend that the Liquidating Trustee take such action as it shall deem appropriate to have the Liquidating Trust classified as a partnership for federal tax purposes under United States Treasury Regulations Section 301.7701-3, including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified; and

WHEREAS, it is intended that the Liquidating Trust and the Liquidating Trustee shall have all powers necessary to implement the provisions of the Plan and this Liquidating Trust Agreement and administer the Liquidating Trust.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtor and the Liquidating Trustee agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LIQUIDATING TRUST

**1.1    Creation of the Liquidating Trust.** The Debtor and the Liquidating Trustee, pursuant to the Plan, hereby constitute and create the Liquidating Trust, which shall be known as the "WMC Mortgage Liquidating Trust," for the purposes set forth herein. The Liquidating Trust is hereby irrevocably vested with the Liquidating Trust Assets.  On the date hereof the Liquidating Trustee shall establish the Liquidating Trust Fund.

**1.2    Purpose of the Liquidating Trust.** The Liquidating Trust shall be established for the purpose of, (i) administering the Liquidating Trust Assets, (ii) resolving all Class 4 Disputed Claims, (iii) pursuing, to the extent it sees fit, the Liquidating Trust Retained Causes of Action, (iv) making all Distributions to the Class 4 Beneficiaries, and (v) implementing the Plan and engaging in any other activities contemplated thereby or incidental thereto. The Liquidating Trust is intended to qualify as a liquidating trust pursuant to United States Treasury Regulations Section 301.7701-4(d) and the sole purpose of the Liquidating Trust shall be to liquidate and distribute the Liquidating Trust Assets in accordance with United States Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to and consistent with its liquidating purpose. The purpose of this Liquidating Trust Agreement is to implement certain provisions of the Plan on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, to serve as a mechanism for liquidating the Liquidating Trust Assets and distributing the Liquidating Trust Assets and proceeds therefrom to the Liquidating Trust Beneficiaries. The Liquidating Trust will not hold itself out as an investment company and will not conduct a trade or business. The Liquidating Trustee will distribute the Liquidating Trust Assets and proceeds therefrom to the Liquidating Trust Beneficiaries in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

**1.3    Transfer and Vesting of Liquidating Trust Assets in Liquidating Trustee and Funding of Liquidating Trust.** Notwithstanding any prohibition on assignability under applicable non-bankruptcy law, on the Effective Date the Liquidating Trust Assets shall vest automatically in the Liquidating Trustee on behalf of the Liquidating Trust; provided, however, that any Excess Post-Effective Date Debtor Assets shall not vest in the Liquidating Trustee on behalf of the Liquidating Trust unless and until the Post-Effective Date Officer determines that (i) the DIP Loan Claim, (ii) all Allowed Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, Secured Claims, and Other Priority Claims, (iii) the TMI Claim, (iv) all obligations under the Exit Financing, and (v) all Post-Effective Date Debtor Expenses, have been paid in full or fully reserved for; provided, however, that the Excess Post-Effective Date Debtor Assets shall not include any Mortgage Reconciliation Work Funds.  The transfer of the Liquidating Trust Assets to the Liquidating Trustee on behalf of the Liquidating Trust shall be made only for the benefit and on behalf of the Class 4 Beneficiaries.  For the avoidance of doubt, the Mortgage Reconciliation Work Funds shall be used by the Post-Effective Date Debtor or its designee only to perform the Mortgage Reconciliation Work and shall not be used to fund distributions to Allowed Claims.  The Liquidating Trust Assets shall vest in the Liquidating Trustee solely in his capacity as such.  Upon the transfer of the Liquidating Trust Assets, the Liquidating Trustee on behalf of the Liquidating Trust shall succeed to all of the Debtor's right,

title, and interest in the Liquidating Trust Assets and the Debtor shall have no further right or interest with respect to the Liquidating Trust Assets in the Liquidating Trust. As soon as practicable after the Effective Date, the Liquidating Trustee shall (i) determine the fair market value as of the Effective Date of all Liquidating Trust Assets, and the Liquidating Trust Assets shall be valued by all parties hereto on a consistent basis with such valuations, and such valuations shall be used by all parties hereto for all federal income tax purposes and (ii) make such valuations available from time to time to all parties hereto, to the extent relevant to such parties for tax purposes.

### 1.4    Preservation of Rights of Action.

(i) Vesting of Liquidating Trust Retained Causes of Action.

Except as otherwise provided in the Plan or Confirmation Order, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust Retained Causes of Action shall vest upon the Effective Date in the Liquidating Trust.

Except as otherwise provided in the Plan or Confirmation Order, after the Effective Date, the Liquidating Trustee shall have the exclusive right to institute, prosecute, abandon, settle or compromise any Liquidating Trust Retained Causes of Action, in accordance with the terms of this Liquidating Trust Agreement and without further order of the Bankruptcy Court, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in the Chapter 11 Case.

Except as otherwise provided in the Plan or Confirmation Order, the Liquidating Trust Retained Causes of Action and any recoveries therefrom shall remain the sole property of the Liquidating Trust (for the sole benefit of the holders of Allowed Class 4 – General Unsecured Claims).

(ii)  Preservation of All Liquidating Trust Retained Causes of Action Not Expressly Settled or Released.

All Liquidating Trust Retained Cause of Action shall be expressly reserved for later adjudication by the Liquidating Trustee, as determined in the Liquidating Trustee's sole discretion (including, without limitation, Liquidating Trust Retained Causes of Action not specifically identified or described in the Plan Supplement or elsewhere of which the Debtor may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances which may change or be different from those the Debtor now believe to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Retained Causes of Action upon or after the entry of the Confirmation Order or occurrence of the Effective Date based on the Disclosure Statement, the Plan or the Confirmation Order. In addition, the Liquidating Trustee expressly reserves the right to pursue or adopt any Liquidating Trust Retained Causes of Action alleged in any lawsuit in which the Debtor is a defendant or an

3

interested party, against any Person, including, without limitation, the plaintiffs or co-defendants in such lawsuits.

Subject to the immediately preceding paragraph, any Person to whom the Debtor has incurred an obligation (whether on account of services, purchase or sale of goods or otherwise), or who has received services from the Debtor or a transfer of money or property of the Debtor, or who has transacted business with the Debtor, or leased property from the Debtor, should assume that any such obligation, transfer or transaction may, to the extent it constitutes a Liquidating Trust Retained Cause of Action, be reviewed by the Liquidating Trustee subsequent to the Effective Date and may, to the extent it constitutes a Liquidating Trust Retained Cause of Action, be the subject of an action after the Effective Date, regardless of whether: (i) such Person has filed a proof of Claim against the Debtor in the Chapter 11 Case; (ii) any such Person's Claim was included in the Schedules; (iii) the Debtor or Liquidating Trustee has objected to any such Person's scheduled Claim; or (iv) any such Person's scheduled Claim has been identified by the Debtor or Liquidating Trustee as disputed, contingent or unliquidated.

**1.5    Preservation of Confidences and Attorney-Client Privilege**. To effectively pursue the purposes hereof, WMC Mortgage, LLC, the Liquidating Trust, Liquidating Trustee and all counsel thereto, must be able to exchange information with each other on a confidential basis and cooperate in common interest efforts without waiving any applicable privilege. Given the common interests of the parties hereto, the Trust and the position of the Liquidating Trustee on behalf of the Liquidating Trust as successor to the Liquidating Trust Assets, sharing such information in the manner described in the previous sentence to the extent necessary, shall not waive or limit any applicable privilege or exemption from disclosure or discovery related to such information.  To the extent necessary to the performance of the Liquidating Trustee's duties and responsibilities, WMC Mortgage, LLC, shall share with the Liquidating Trustee communications or documents that are subject to the attorney-client privilege, work product protection, or other applicable privilege; the sharing of such information shall not operate as a waiver of any applicable privileges.  The parties shall agree on how to document the sharing of the attorney-client privilege such that the privilege is preserved, and in the absence of an agreement the Bankruptcy Court shall decide.

**1.6    Treatment of Liquidating Trust for Federal Income Tax Purposes**. The Liquidating Trust is established for the primary purpose of liquidating its assets, in accordance with United States Treasury Regulations Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  Accordingly, the Liquidating Trustee shall in an expeditious but orderly manner, liquidate the Liquidating Trust Assets, make timely distributions of the proceeds therefrom to the Liquidating Trust Beneficiaries and not unduly prolong the duration of the Liquidating Trust. The Liquidating Trust shall not be deemed a successor in interest of the Debtor for any purpose other than as specifically set forth herein.

For all federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trustee on behalf of the Liquidating Trust shall be treated as (1) a transfer of the Liquidating Trust Assets directly to the Class 4 Beneficiaries (other than to the extent such Liquidating Trust Assets are allocable to Disputed Class 4 – General Unsecured Claims),

followed by (2) the transfer of such Liquidating Trust Assets by the Class 4 Beneficiaries to the Liquidating Trustee on behalf of the Liquidating Trust in exchange for the beneficial interests in the Liquidating Trust.  The Class 4 Beneficiaries shall be treated as the grantors and owners of the Liquidating Trust (other than the Liquidating Trust Assets as are allocable to Disputed Claims).

The right and power of the Liquidating Trustee to invest the Liquidating Trust Assets transferred to the Liquidating Trustee on behalf of the Liquidating Trust, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to (i) invest the Liquidating Trust Assets (pending distributions in accordance with the Plan) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America, (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof or (c) such other investments as the Bankruptcy Court may approve from time to time; or (ii) deposit such assets in demand deposits or certificates of deposit at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments"); *provided*, *however*, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of United States Treasury Regulations Section 301.7701-4(d), may be permitted to hold, pursuant to the United States Treasury Regulations, or any modification in the U.S. Internal Revenue Service ("IRS") guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

The Liquidating Trustee shall require any Liquidating Trust Beneficiary or other party receiving a distribution to furnish to the Liquidating Trustee in writing his, her or its Employer or Taxpayer Identification Number as assigned by the IRS and the Liquidating Trustee may condition any distribution to any Liquidating Trust Beneficiary or other party receiving a distribution upon receipt of such identification number. For the avoidance of doubt, the Liquidating Trust and the Liquidating Trustee shall have no obligation to file any tax returns for the Debtor.

**1.7    Treatment of Non-Transferrable Assets.** To the extent any assets of the Debtor cannot be transferred to the Liquidating Trustee on behalf of the Liquidating Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded by Section 1123 or any other provision of the Bankruptcy Code, the disposition of such assets shall be determined by the Bankruptcy Court upon a duly-noticed motion by the Liquidating Trustee.

## ARTICLE II
## AUTHORITY OF THE LIQUIDATING TRUSTEE

**2.1    Appointment.** The Liquidating Trustee has been selected pursuant to the provisions of the Plan and has been appointed as of the Effective Date. The Liquidating Trustee's appointment shall continue until the earlier of (i) the removal of the Liquidating Trustee or (ii) the Liquidating Trustee's resignation, death, or dissolution. To effectuate an orderly and efficient transition of the administration of the Liquidating Trust Assets from the Debtor to the

Liquidating Trustee on behalf of the Liquidating Trust, the Liquidating Trustee has performed and will continue to perform certain services in connection with its duties and obligations prior to the Effective Date.

2.2    **General Powers.** From and after the Effective Date, the Liquidating Trustee shall serve as trustee of the Liquidating Trust and shall have all powers, rights and duties of a trustee, as set forth in this Liquidating Trust Agreement. The Liquidating Trustee shall be deemed the Estate's representative in accordance with section 1123 of the Bankruptcy Code with respect to the Liquidating Trust Fund, the Liquidating Trust Assets, the resolution of Disputed Class 4 – General Unsecured Claims, and the Liquidating Trust Retained Causes of Action. Among other things, the Liquidating Trustee shall: (i) hold and administer the Liquidating Trust Assets, (ii) have the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Bankruptcy Rule 2004, to (l) effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan as they relate to the Liquidating Trust, including the Liquidating Trust Assets, (2) liquidate the Liquidating Trust Assets, (3) prosecute, settle, abandon or compromise the Liquidating Trust Retained Causes of Action, (4) make Distributions to the Class 4 Beneficiaries, (5) establish and administer any necessary reserves for Disputed Claims for Class 4 – General Unsecured Claims that may be required, (6) subject to the terms of the Plan, object to the Disputed Class 4 – General Unsecured Claims and prosecute, settle, compromise, withdraw or resolve such objections, and (7) employ and compensate attorneys, professionals and other agents; provided, however, that any such compensation shall be made only out of the Liquidating Trust Assets, in each case to the extent not inconsistent with the status of the Liquidating Trust as a liquidating trust within the meaning of United States Treasury Regulations Section 301.7701-4(d) for federal income tax purposes. The Liquidating Trustee may retain and compensate such attorneys and other professionals to assist in its duties as Liquidating Trustee on such terms as the Liquidating Trustee deems appropriate without the need for Bankruptcy Court approval. Without limiting the foregoing, the Liquidating Trustee may retain any professional that represented parties in interest in the Chapter 11 Case.

2.3    **Limitation of the Liquidating Trustee's Authority.** Subject to the other provisions herein and the Plan, the Confirmation Order, and applicable law, the Liquidating Trustee shall not do or undertake any of the following: (i) use or dispose of any part of the Liquidating Trust Assets in furtherance of any trade or business, (ii) hold the Liquidating Trust out as anything other than a trust in the process of liquidation, including an investment company, or (iii) engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of United States Treasury Regulations Section 301.7701-4(d) while the Liquidating Trust qualifies as a liquidating trust; *provided*, *however*, that if the Liquidating Trust (or a Delaware limited liability or limited liability partnership into which it shall be converted) shall be classified as a partnership for federal tax purposes under United States Treasury Regulations Section 301.7701-3, the foregoing restrictions shall not apply.

2.4    **Liquidating Trust Continuance.** To the fullest extent permitted by applicable law the death, dissolution, resignation, or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created by the Liquidating Trustee pursuant

6

to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee, and the successor Liquidating Trustee agrees that the provisions of this Liquidating Trust Agreement shall be binding upon the successor Liquidating Trustee and all its successors or assigns.

## ARTICLE III
## THE LIQUIDATING TRUSTEE

**3.1    Generally.** The Liquidating Trustee shall exercise such of the rights and powers vested in it by this Liquidating Trust Agreement, the Plan, the Confirmation Order, and any other applicable orders issued by the Bankruptcy Court in a fiduciary capacity and use the same degree of care and skill in its exercise as a prudent person would exercise or use under the circumstances in the conduct of its own affairs. No provision of this Liquidating Trust Agreement, the Plan, or the Confirmation Order shall be construed to relieve the Liquidating Trustee from liability for his own gross negligence, fraud or intentional or willful misconduct. The Liquidating Trustee shall not be liable for any action taken in good faith and/or in reliance upon the advice of professionals retained by the Liquidating Trustee in accordance with this Liquidating Trust Agreement.

**3.2    Reliance by the Liquidating Trustee.** Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order: (i) the Liquidating Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties; and (ii) all persons (including any professionals retained by the Liquidating Trustee in accordance with this Liquidating Trust Agreement) engaged in transactions with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any and all liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Liquidating Trust Agreement, the Plan, or the Confirmation Order, and the Liquidating Trustee shall have no personal or individual obligation to satisfy any such liability whatsoever.

**3.3    Liability to Third Persons.** The Liquidating Trustee and agents of the Liquidating Trustee (including professionals) shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trust, except for his own gross negligence, fraud or intentional or willful misconduct, and any such person shall look solely to the Liquidating Trust Assets for the entire satisfaction of all Claims of any nature arising in connection with the affairs of the Liquidating Trust. Without limiting the foregoing, the Liquidating Trustee shall be entitled to the benefits of each of the exculpation and limitation of liability provisions set forth in the Plan.

**3.4    No Liability of Liquidating Trustee for Acts of Others.** Nothing contained in this Liquidating Trust Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee of any of the liabilities, obligations or duties of the Debtor and shall not be deemed to be or contain a representation, warranty, covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation nor duty. Any

7

successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. The Liquidating Trustee or any successor Liquidating Trustee shall not be liable for any act or omission of any predecessor Liquidating Trustee, nor have a duty to enforce any Claims against any predecessor Liquidating Trustee on account of any such act or omission.

3.5    **Indemnity.** The Liquidating Trustee and each of its agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives and principals (collectively, the "Indemnified Parties") shall be indemnified by the Liquidating Trust solely from the Liquidating Trust Assets for any losses, claims, damages, liabilities and expenses, including, without limitation, reasonable attorneys' fees, disbursements and related expenses which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of the acts or omissions of an Indemnified Party in its capacity as such; *provided*, *however*, that the Liquidating Trust shall not be liable to indemnify any Indemnified Party for any act or omission constituting gross negligence, fraud or intentional or willful misconduct. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust Assets to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, or an Indemnified Party in its capacity as such; *provided*, *however*, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the Liquidating Trustee immediately upon the entry of a Final Order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this section 3.5. The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

3.6    **Reports, Records, Documents and Tax Returns.** At least once every three months from and after the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court a brief report regarding the status of the liquidation or other administration of property comprising the Liquidating Trust, the Distributions made to date by it to the Class 4 Beneficiaries and any other matters the Liquidating Trustee deems appropriate and likely of interest to the Class 4 Beneficiaries.  In addition, the Liquidating Trustee will file tax returns for the Liquidating Trust treating the Liquidating Trust (other than the Liquidating Trust Assets allocable to Disputed Claims) as a grantor trust pursuant to United States Treasury Regulations Section 1.671-4(a).

3.7    **Confidentiality.** The Liquidating Trustee shall, during the period that he serves as Liquidating Trustee under this Liquidating Trust Agreement and for a period of twelve (12) months following the termination of this Liquidating Trust Agreement, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity

8

to which any of the Liquidating Trust Assets related or of which he or she has become aware in his or her capacity as Liquidating Trustee, except as otherwise provided by law.

# ARTICLE IV
## SUCCESSOR LIQUIDATING TRUSTEES

**4.1    Resignation.** The Liquidating Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Liquidating Trust Beneficiaries and filing a notice of such resignation with Bankruptcy Court; _provided_, _however_, that prior to such resignation, the Liquidating Trustee shall identify a successor; _provided_, _further_ that any Liquidating Trust Beneficiary may identify a proposed successor in the event that the Liquidating Trustee fails to do so before the resignation takes effect.  Such resignation shall become effective on the later to occur of (i) the date specified in such written notice or (ii) the effective date of the appointment of a successor Liquidating Trustee and such successor's acceptance of such appointment by Bankruptcy Court order.  In any event, any successor Liquidating Trustee appointment shall be approved by the Bankruptcy Court.

**4.2    Other Terminations.** In the event of the incapacity or death of the Liquidating Trustee or if the Liquidating Trustee otherwise ceases to act as Liquidating Trustee for any reason other than resignation or removal, a vacancy shall be deemed to exist and a proposed successor may be identified by any Liquidating Trust Beneficiary.  The Bankruptcy Court shall approve the appointment of any successor Liquidating Trustee.

**4.3    Acceptance of Appointment by Successor Liquidating Trustee.** Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting its appointment and shall file a copy thereof with the Bankruptcy Court. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the duties, powers, rights, title, discretion and privileges of its predecessor as if originally named Liquidating Trustee.

**4.4    Effect of Termination.** To the fullest extent permitted by applicable law, the resignation, removal, incapacity, bankruptcy or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Liquidating Trust Agreement, the Plan, or the Confirmation Order or invalidate any action theretofore taken by the Liquidating Trustee. All fees and expenses incurred by the Liquidating Trustee prior to the resignation, incapacity or removal of the Liquidating Trustee shall be paid solely from the Liquidating Trust Assets, unless such fees and expenses are disputed by the successor Liquidating Trustee, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Liquidating Trustee that are subsequently allowed by the Bankruptcy Court shall be paid solely from the Liquidating Trust Assets. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall: (i) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidating Trustee or directly by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Liquidating Trust Agreement, (ii) promptly deliver to the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the

9

RLF1 22533449v.3

possession of such Liquidating Trustee, provided that such Liquidating Trustee may retain one copy of each of such documents for its purposes, subject to the terms of any joint prosecution and common interest agreement to which the Liquidating Trustee is party, and (iii) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

## ARTICLE V
## LIQUIDATING TRUST INTERESTS

**5.1** **Rights of Liquidating Trust Beneficiaries.** Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder. Each Liquidating Trust Beneficiary holds an interest in the Liquidating Trust ("Liquidating Trust Interest") subject to all the terms and conditions of this Liquidating Trust Agreement, the Plan, and the Confirmation Order. The interest of a Liquidating Trust Beneficiary is hereby declared and shall be in all respects personal property.

**5.2** **Interest Only.** Except as provided expressly hereunder, the ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary to any title in or to the Liquidating Trust or the Liquidating Trust Assets, or to any right to call for a partition or division of the Liquidating Trust Assets, or to require an accounting.

**5.3** **Evidence of Liquidating Trust Interest.** Ownership of a Liquidating Trust Interest shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee (or any agent appointed by the Liquidating Trustee for purposes of maintaining a record of the Liquidating Trust Beneficiaries and their respective Liquidating Trust Interests). The Liquidating Trustee may, upon written request of any Liquidating Trust Beneficiary, provide reasonably adequate documentary evidence of such Liquidating Trust Beneficiary's Liquidating Trust Interest, as indicated in the books and records of the Liquidating Trust to the extent practicable. The expense of providing such documentation shall be borne by the requesting Liquidating Trust Beneficiary at the sole discretion of the Liquidating Trustee.

**5.4** **Identification of Liquidating Trust Beneficiaries.** The Liquidating Trust Beneficiaries shall be recorded and set forth in a register maintained by the Liquidating Trustee (or its agent) expressly for such purpose. All references in this Liquidating Trust Agreement to Liquidating Trust Beneficiaries shall be read to mean owners of record of Liquidating Trust Interests as set forth in the official register maintained by the Liquidating Trustee.

**5.5** **Non-Transferability of Liquidating Trust Interests.** The Liquidating Trust Interests have not been registered pursuant to the Securities Act of 1933, as amended (the "1933 Securities Act"), or any state securities law. It is the intention of the parties hereto that the Liquidating Trust Interests do not constitute "securities" under the 1933 Securities Act or any state securities law; *provided*, *however*, that if the Liquidating Trust Interests constitute "securities," the parties hereto intend that the exemption from registration provided in Section 1145 of the Bankruptcy Code shall apply to the Liquidating Trust Interests. The Liquidating Trust Interests shall not be certificated and shall not be transferable, assignable, pledged or

10

hypothecated, in whole or in part, except by operation of law or with respect to a transfer by will or under the laws of descent and distribution. Any such permitted transfer, however, will not be effective until and unless the Liquidating Trustee receives written notice of such transfer.

**5.6** **Effect of Death, Dissolution, Incapacity or Bankruptcy of Liquidating Trust Beneficiary.** The death, dissolution, incapacity or bankruptcy of a Liquidating Trust Beneficiary during the term of the Liquidating Trust shall not operate to terminate the Liquidating Trust during the term of the Liquidating Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt Liquidating Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the Liquidating Trust Beneficiary under this Liquidating Trust Agreement or in the Liquidating Trust.

**5.7** **Limited Liability.** No provision of this Liquidating Trust Agreement, the Plan, or the Confirmation Order shall give rise to any liability of any Liquidating Trust Beneficiary solely in its capacity as such.

**5.8** **Standing.** Except as expressly provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, a Liquidating Trust Beneficiary does not have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than against the Liquidating Trustee to the extent provided in this Liquidating Trust Agreement upon or with respect to the Liquidating Trust Assets); *provided, however,* that notwithstanding anything herein to the contrary, a Liquidating Trust Beneficiary shall have standing to petition the Bankruptcy Court at any time for an order directing the Liquidating Trustee to do or not do any act or to institute any action or proceeding at law or in equity against any party, or for such other relief as is just and equitable.

## ARTICLE VI
## DISTRIBUTIONS AND ADMINISTRATION

**6.1** **Distributions Generally.** The Liquidating Trustee shall make distributions to the Liquidating Trust Beneficiaries as provided in the Plan and this Liquidating Trust Agreement. Whenever any distribution to be made under the Plan or this Liquidating Trust Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due. Subject to the provisions of Bankruptcy Rule 2002(g), and except as otherwise provided herein, distributions and deliveries to Liquidating Trust Beneficiaries shall be made at the address of each such Liquidating Trust Beneficiary set forth on the Debtor's books and records unless superseded by the address set forth on Proofs of Claim filed by any such parties. On or as soon as practicable after the Effective Date, the Debtor shall provide the Liquidating Trustee with the addresses and access to other books and records relating to the Liquidating Trust Beneficiaries, including all taxpayer identification information.

**6.2** **Initial Distribution Date.** On the Initial Distribution Date or as soon thereafter as is reasonably practicable, the Liquidating Trustee shall make, or shall make adequate reserves

for, the Distributions required to be made by it to holders of Class 4 – General Unsecured Claims under the Plan.

### 6.3    Disputed Claims Reserve.

(i) Establishment of Disputed Claims Reserve.

On the Effective Date or as soon thereafter as practicable, the Liquidating Trustee shall establish a reserve for Disputed Class 4 – General Unsecured Claims (the "Disputed Claims Reserve") pursuant to Article VI.B.1 of the Plan.  The Liquidating Trustee shall reserve in Cash or other property, for Distribution to the Liquidating Trust Beneficiaries on account of each Disputed Class 4 – General Unsecured Claim, the amount of the Distribution that such Disputed Class 4 – General Unsecured Claim would be entitled to receive under the Plan if it were to become an Allowed Claim (or such lesser amount as may be determined by the Liquidating Trust and the holder of such Disputed Class 4 – General Unsecured Claim or by the Bankruptcy Court in accordance with Article VII hereof).

(ii) Maintenance of Disputed Claims Reserve.

The Liquidating Trustee on behalf of the Liquidating Trust shall hold the property in the Disputed Claims Reserve in trust for the benefit of the holders of such Disputed Class 4 – General Unsecured Claims ultimately determined to be Allowed.  The Disputed Claims Reserve shall be terminated by the Liquidating Trustee on behalf of the Liquidating Trust when all Distributions and other dispositions of Cash or other property required to be made hereunder to Class 4 – General Unsecured Claims have been made in accordance with the terms of the Plan. Upon termination of the Disputed Claims Reserve, all Cash or other property held in the Disputed Claims Reserve shall revest in and become the property of the Liquidating Trustee on behalf of the Liquidating Trust to be Distributed or otherwise treated in accordance with the terms of the Plan.

(iii) Federal Income Tax Treatment of the Disputed Claims Reserve for Class 4.

Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Liquidating Trustee may either (1) timely elect to treat any Liquidating Trust Assets allocable to Disputed Claims as a "disputed ownership fund" governed by United States Treasury Regulations Section 1.468B-9 or (2) treat such Liquidating Trust Assets as a "complex trust."  All parties (including, without limitation, the Liquidating Trustee and the Class 4 Beneficiaries) shall report consistently with the foregoing for federal, state, and local income tax purposes.

### 6.4    Payment of Taxes.    The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any taxes imposed on the Liquidating Trust or its assets, including the Disputed Claims Reserve (in the latter instance, first out of any Cash allocable to, or retained on account of, the Disputed Claim to which such tax relates), including any income that may arise upon the distribution of the assets from the Disputed Claims Reserve. In the event, and to the extent, any Cash retained on account of a Disputed Claim is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to,

or retained on account of, such claim such that such portion of the taxes is paid (in whole or in part) from other available Cash, such other cash sources shall be (i) reimbursed from any subsequent Cash amounts retained on account of such claim, or (ii) to the extent such claim has subsequently been resolved, deducted from any amounts otherwise distributable by the Liquidating Trustee as a result of the resolution of such claim.

**6.5    Subsequent Distributions.**  Any Distribution that is held in the Disputed Claims Reserve pursuant to Article VI.B of the Plan shall be paid on the first Subsequent Distribution Date after such Class 4 – General Unsecured Claim is Allowed.  Except as set forth in the Plan, no interest shall accrue or be paid on the unpaid amount of any Distribution paid in accordance with Article VI.C of the Plan.

The Liquidating Trustee shall, in its discretion, but at least annually, make additional Distributions to holders of Class 4 – General Unsecured Claims from time to time as a result of additional amounts becoming available due to disallowance of Disputed Class 4 – General Unsecured Claims and/or additional assets becoming part of the Liquidating Trust Fund; provided, however, in connection with any Distribution made on a Subsequent Distribution Date, the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust Assets or to meet Liquidating Trust Expenses.

**6.6    Record Date for Distributions.**  Except as otherwise provided in a Final Order of the Bankruptcy Court, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Record Date, which shall be the Confirmation Date, will be treated as the holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Record Date. The Liquidating Trust shall have no obligation to recognize or be liable for any claim by reason of any transfer of any Claim occurring after the Record Date.  In making any distribution, the Liquidating Trust shall be entitled to recognize and deal with, for all purposes hereunder, only those holders of record as of the close of business on the Record Date.

**6.7    Manner of Distribution.**  Any distribution in Cash to be issued under the Plan or this Liquidating Trust Agreement shall, at the election of the issuer, be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

**6.8    Priority of Distribution of Trust Proceeds.** The Liquidating Trustee shall apply all Liquidating Trust Assets and any proceeds therefrom as follows:

FIRST, to pay all the liabilities, costs and expenses of the Liquidating Trust including, without limitation, (i) the compensation due and payable to the Liquidating Trustee, (ii) the reimbursement for any and all costs, expenses and liabilities incurred by the Liquidating Trustee in connection with the performance of its duties under this Liquidating Trust Agreement, and (iii) payment of all professionals, employees or agents of the Liquidating Trust.

SECOND, to reserves required set forth herein or in the Plan.

13

THIRD, to make the payments required under the Plan to Liquidating Trust Beneficiaries in accordance with the terms, provisions and priorities set forth in the Plan.

The payment of Liquidating Trust Expenses shall be paid out of the Liquidating Trust Assets without further order of the Bankruptcy Court.

**6.9    Distribution of Trust Proceeds Upon Termination.** Promptly before the termination of the Liquidating Trust, and after payment of all Liquidating Trust Expenses, the Liquidating Trustee or its agent shall distribute any amounts not yet distributed from the Liquidating Trust to or on behalf of the Liquidating Trust Beneficiaries in accordance with this Article, the Plan, and the Confirmation Order. In the event the Liquidating Trust has less than $20,000 remaining, the Liquidating Trustee shall make a charitable contribution of such amount in order to terminate the Liquidating Trust.

**6.10    Fractional Dollars; De Minimis Distributions.** Notwithstanding anything contained herein to the contrary, payments of fractions of dollars will not be made. Whenever any payment of a fraction of a dollar under the Plan or the Liquidating Trust would otherwise be called for, the actual payment made will reflect a rounding of such fraction to the nearest dollar (up or down), with half dollars being rounded down. If a Distribution to be made to a holder of an Allowed Class 4 General Unsecured Claim on the Initial Distribution Date or any Subsequent Distribution Date would be $125 or less, no such Distribution will be made to that holder unless a request therefor is made in writing to the Liquidating Trustee; *provided, however,* that if any Distribution is not made pursuant to this section 6.7, it shall be added to any subsequent Distribution to be made on behalf of the holder's Allowed Class 4 General Unsecured Claim. If the amount of any final Distribution to any holder of an Allowed Class 4 General Unsecured Claim would be $50 or less, then such Distribution shall be made available for distribution to all holders of Allowed Class 4 General Unsecured Claims receiving final Distributions of at least $50; *provided, however,* the Liquidating Trustee may make a payment of any lower amount in its sole discretion.  In the event the Liquidating Trust has less than $20,000 remaining after payment of all Liquidating Trust Expenses, the Liquidating Trustee shall make a charitable contribution of such amount in order to terminate the Liquidating Trust.

**6.11    Setoffs/Recoupment.** The Liquidating Trustee may, pursuant to applicable non-bankruptcy law, set off or recoup against any Claim and the distributions to be made pursuant to the Plan or this Liquidating Trust Agreement on account thereof (before any distribution is made on account of such Claim), the Claims, rights and Causes of Action of any nature the Liquidating Trust may hold against the holder of such Claim; *provided, however,* that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trust of any such Claims, rights and Causes of Action that the Liquidating Trust may possess against such holder; and, *provided, further,* that nothing contained herein is intended to limit any Creditor's rights of setoff or recoupment prior to the Effective Date in accordance with the provisions of Sections 362 and 553 of the Bankruptcy Code, or other applicable law.

**6.12    Notice of Change of Address.** Any Liquidating Trust Beneficiary may designate a change of address for the purpose of the Plan by providing the Liquidating Trustee written notice of such address which notice will be effective upon receipt by the Liquidating Trustee.

14

Notices and requests shall be deemed received by a Liquidating Trust Beneficiary (i) if sent by mail, on the second Business Day after deposit in the United States mail, postage prepaid, (ii) if sent by overnight courier, on the first Business Day after delivery to such courier, or (iii) if sent by fax or email on a Business Day prior to 5:00 p.m. Eastern Time, on such Business Day (of if after 5:00 p.m. Eastern Time or not on a Business Day, on the next Business Day).

**6.13    Books and Records.** The Liquidating Trustee shall maintain in respect of the Liquidating Trust and the Liquidating Trust Beneficiaries books and records relating to the Liquidating Trust Assets and income of the Liquidating Trust and the payment of expenses of, and liabilities against or assumed by, the Liquidating Trust in such detail and for such period of time as may be reasonably necessary to enable it to make full and proper accounting in respect thereof and to comply with applicable provisions of law. Except as otherwise provided herein, nothing in this Liquidating Trust Agreement requires the Liquidating Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for managing any payment or distribution out of the Liquidating Trust Assets. Liquidating Trust Beneficiaries shall have the right upon fifteen (15) days prior written notice delivered to the Liquidating Trustee to inspect such books and records (including financial statements) and the register maintained pursuant hereto, provided that, if so requested and prior to being granted access to the information, such holder shall have (i) entered into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee; and (ii) agreed to bear the costs of the Liquidating Trustee incurred in connection with such inspection.

**6.14    Undeliverable and Unclaimed Distributions.** If any distribution to a Liquidating Trust Beneficiary under this Liquidating Trust Agreement or other intended recipient is returned as undeliverable, no further distributions shall be made to such Liquidating Trust Beneficiary or other intended recipient unless and until the issuer of the distribution is notified in writing of such party's then current address. Any Liquidating Trust Beneficiary or other intended recipient ultimately receiving a distribution that was returned as undeliverable shall not be entitled to any interest or other accruals of any kind on such distribution. Nothing contained in the Plan or this Liquidating Trust Agreement shall require the issuer of any distribution to attempt to locate any Liquidating Trust Beneficiary or other intended recipient.

**6.15    Failure to Claim Undeliverable Distributions.** Any owner of a right to receive a distribution or other payment hereunder that does not assert its rights pursuant to the Plan or this Liquidating Trust Agreement to receive such distribution or payment within three (3) months from and after the date such distribution or payment is returned as undeliverable shall have such holder's claim for such undeliverable distribution discharged and shall be forever barred from asserting any such claim against the Debtor, the Liquidating Trust, the Liquidating Trustee and its respective professionals, or the Liquidating Trust Assets. In such case, any consideration held for distribution on account of such claim shall belong to the Liquidating Trustee on behalf of the Liquidating Trust for distribution by the Liquidating Trustee to the remaining Liquidating Trust Beneficiaries in accordance with the terms of the Plan and this Liquidating Trust Agreement. After payment of all Liquidating Trust Expenses and all final distributions have been made in accordance with the terms of the Plan and this Liquidating Trust Agreement, if the amount of undeliverable Cash remaining is less than $20,000, the Liquidating Trustee, in his or her sole

discretion, may donate such amount to a charity without further notice or order of the Bankruptcy Court.

**6.16    Fiscal Year.** Except for the first and last years of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the calendar year. For the first and last years of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the calendar year that the Liquidating Trust is in existence.

**6.17    Time Bar to Cash Payments.** Checks issued shall be null and void if not negotiated within ninety days from and after the date of issuance thereof. Requests for reissuance of any check shall be made directly to the issuer of the check with respect to which such check originally was issued. Any claim in respect of such a voided check shall be made within six months from and after the date of issuance of such check. After such date, all claims in respect of voided checks shall be discharged and forever barred, and the Liquidating Trust shall be entitled to retain all monies related thereto for distribution to the Liquidating Trust Beneficiaries in accordance with the terms of the Plan and this Liquidating Trust Agreement.

**6.18    Compliance with Tax Requirements/Allocation.** The issuer of any distribution under the Plan or the Liquidating Trust shall comply with all applicable tax withholding and reporting requirements imposed by any Governmental Unit, and all distributions pursuant to the Plan or the Liquidating Trust shall be subject to any such applicable withholding and reporting requirements.

**6.19    Preservation of Subordination Rights by Estate.** Except as otherwise provided herein, all subordination rights and claims relating to the subordination by the Debtor or the Liquidating Trustee of any Allowed Claim shall remain valid, enforceable and unimpaired in accordance with Section 510 of the Bankruptcy Code or otherwise.

**ARTICLE VII**
**DURATION AND TERMINATION OF THE LIQUIDATING TRUST**

**7.1    Duration.** The Liquidating Trust shall become effective upon the Effective Date and shall remain and continue in full force and effect until terminated as provided in Sections 6.9 and 6.10 herein.  The Liquidating Trust will terminate as soon as practicable, but in no event later than the fifth (5th) anniversary of the Effective Date; *provided, however,* that the Bankruptcy Court, upon motion by a party in interest within the six month period before the expiration of the original term or any extended term, may extend the term of the Liquidating Trust for a finite period, if such an extension is necessary to liquidate such Liquidating Trust Assets or for other good cause; *provided, further,* that the Liquidating Trustee receives an opinion of counsel or a favorable ruling from the IRS that any extension would not adversely affect the status of the Liquidating Trust as a grantor trust for federal income tax purposes.  The Bankruptcy Court may approve multiple extensions of the term of the Liquidating Trust.

**7.2    Continuance of Trust for Winding Up.** After the termination of the Liquidating Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully

16

performed. Upon distribution of all the Liquidating Trust Assets, the Liquidating Trustee shall retain the books, records and files as provided in section 6.12 of this Liquidating Trust Agreement.

## ARTICLE VIII
## TAXES

**8.1    Tax Reporting.**    The "taxable year" of the Liquidating Trust shall be the "calendar year" as those terms are defined in Section 441 of the Internal Revenue Code. The Liquidating Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to United States Treasury Regulations Section 1.671-4(a). The Debtor shall not have any liability with respect to any tax or similar obligation owed by the Liquidating Trust Beneficiaries.

## ARTICLE IX
## GOVERNING LAW

**9.1    Governing Law.**    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or by the general corporation law, limited partnership law or limited liability company law or the law of the jurisdiction of organization of any entity governing the internal affairs of such entity, to the fullest extent permitted by applicable law this Liquidating Trust Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws. The actual administration of the Liquidating Trust may be conducted in any location, and the location of the Liquidating Trust Assets may be changed as the Liquidating Trustee may determine from time to time.

## ARTICLE X
## AMENDMENT AND WAIVER

**10.1    Amendment and Waiver.** Any substantive provision of this Liquidating Trust Agreement may be amended or waived by the Liquidating Trustee. Technical amendments to this Liquidating Trust Agreement may be made, as necessary to clarify this Liquidating Trust Agreement or enable the Liquidating Trustee to effectuate the terms of this Liquidating Trust Agreement, the Plan, and the Confirmation Order, by the Liquidating Trustee. Notwithstanding this section 10.1, any amendments to this Liquidating Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an orderly manner the Liquidating Trust Assets (which will maximize the value of such assets) in accordance with United States Treasury Regulations Section 301.7701-4(d), or in the alternative, as allowed under Delaware law applicable to limited liability companies or limited liability partnerships. In the event that the Liquidating Trust shall fail or cease to qualify as a liquidating trust in accordance with United States Treasury Regulations Section 301.7701-4(d), this Liquidating Trust Agreement may be amended by the Liquidating Trustee to the extent necessary for the Liquidating Trustee to take such action as it shall deem appropriate to have the Liquidating Trust classified as a partnership for federal tax purposes under United States Treasury Regulations Section 301.7701-3, including, if necessary, creating or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

17

## ARTICLE XI
## MISCELLANEOUS

**11.1    Intention of Parties to Establish Liquidating Trust.** This Liquidating Trust Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Liquidating Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively. In the alternative, if the Liquidating Trust shall fail or cease to qualify as a Liquidating Trust in accordance with United States Treasury Regulations Section 301.7701-4(d), then this Liquidating Trust Agreement is intended to empower the Liquidating Trustee to take such action as it shall deem appropriate to have the Liquidating Trust classified as a partnership for federal tax purposes under United States Treasury Regulations Section 301.7701-3, including, if necessary, merging or converting it into a Delaware limited liability partnership or limited liability company that is so classified.

**11.2    Severability.** If any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstances shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidating Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**11.3    Notices.** Any notice or other communication under this Liquidating Trust Agreement shall be given by (i) first-class mail (postage prepaid); (ii) overnight courier (charges prepaid), or (iii) fax or email.

If to the Liquidating Trustee:

Mark V. Asdourian
6320 Canoga Avenue, Suite 1420,
Woodland Hills, California 91367

If to a Liquidating Trust Beneficiary:

To the name and address set forth on the registry maintained by the Liquidating Trustee and/or the Clerk of the Bankruptcy Court.

Notice or other communication under this Liquidating Trust shall be given and received: (i) if sent by mail, on the second Business Day after deposit in the United States mail, postage prepaid, (ii) if sent by overnight courier, on the first Business Day after delivery to such courier, or (iii) if sent by fax or email on a Business Day prior to 5:00 p.m. Eastern Time, on such Business Day (of if after 5:00 p.m. Eastern Time or not on a Business Day, on the next Business Day).

18

**11.4    Headings.** The section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision hereof.

**11.5    Relationship to the Plan.** The principal purpose of this Liquidating Trust Agreement is to aid in the implementation of the Plan and therefore this Liquidating Trust Agreement incorporates herein by reference the provisions of the Plan. To that end, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan and this Liquidating Trust Agreement. If any provisions of this Liquidating Trust Agreement are found to be inconsistent with the provisions of the Plan or provisions of this Liquidating Trust Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, the provisions of the Plan or Confirmation Order shall control. The Liquidating Trustee hereby agrees to act in accordance with the Plan and Confirmation Order and to take no action inconsistent with the requirements of the Plan or Confirmation Order.

**11.6    Counterparts, Execution and Delivery by Facsimile.** For the purposes of facilitating the execution of this Liquidating Trust Agreement, as herein provided and for other purposes, this Liquidating Trust Agreement may be executed simultaneously in counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute but one and the same instrument. Any original counterpart when executed and transmitted by electronic facsimile shall be deemed duly delivered to the other party upon confirmed receipt thereof by such other party.

**11.7    Jurisdiction.** The Bankruptcy Court shall retain such jurisdiction as set forth in Article XI of the Plan, and the parties agree that to the fullest extent permitted by applicable law the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust and the Liquidating Trustee, including, without limitation, the administration and activities of the Liquidating Trust and the Liquidating Trustee; *provided*, *however*, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction and the Liquidating Trustee shall reserve the right to commence actions in all appropriate jurisdictions, including to pursue any Claims or Causes of Action assigned to the Liquidating Trust.

**11.8    Entire Agreement.** This Liquidating Trust Agreement and any exhibits, schedules or appendices attached hereto contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof, other than the Plan and the Confirmation Order.

**11.9    Further Assurances**. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of the Plan and Liquidating Trust and to consummate the transactions contemplated hereby.

**11.10  Meanings of Other Terms.** Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities. All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Liquidating Trust Agreement, and the words herein and words of similar import refer to this Liquidating Trust Agreement as a whole and not to any particular Article, Section or subdivision of this Liquidating Trust Agreement. The term "including" shall mean "including, without limitation."

**IN WITNESS WHEREOF**, the parties hereto have either executed and acknowledged this Liquidating Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

[signatures appear on the following page]

20

WMC MORTGAGE, LLC

By: _____
    Name:  Michael E. Jacoby
    Title:  Independent Director


LIQUIDATING TRUSTEE

By: _____
    Name:  Mark V. Asdourian
    Title:  Liquidating Trustee

RLF1 22533449v.3