UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

----------------------------------------------------------- x
In re:                                                      :   Chapter 11
                                                            :
WMC MORTGAGE, LLC,                                          :   Case No. 19–10879 (CSS)
                                                            :
       Debtor.[1]                                          :   Obj. Deadline: January 29, 2020 at 4:00 p.m. (ET)
                                                            :   Hearing Date: February 5, 2020 at 1:00 p.m. (ET)
----------------------------------------------------------- x

### POST-EFFECTIVE DATE DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING FINAL DECREE CLOSING THE POST-EFFECTIVE DATE DEBTOR'S CHAPTER 11 CASE AND (II) TERMINATING CLAIMS AND NOTICING SERVICES

WMC Mortgage, LLC, as the Post-Effective Date Debtor under the *First Amended Chapter 11 Plan of Liquidation of WMC Mortgage, LLC* [Docket No. 303] (the "**Plan**"),[2] respectfully represents as follows in support of this motion (the "**Motion**"):

**Background**

1. On April 23, 2019 (the "**Commencement Date**"), WMC Mortgage, LLC, as a debtor and debtor in possession (the "**Debtor**"), commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). No trustee, examiner, or statutory committee of creditors was appointed in this chapter 11 case.

2. On April 24, 2019, the Court entered an order [Docket No. 25] (the "**Epiq Retention Order**") authorizing the retention of Epiq Corporate Restructuring, LLC ("**Epiq**") as

---

[1] The last four digits of the Debtor's federal tax identification number are 2008. The Debtor's principal office is located at 6320 Canoga Avenue, Suite 1420, Woodland Hills, California 91367.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

RLF1 22626081v.5

the Debtor's claims and noticing agent to provide the claims and noticing services (the "**Claims Agent Services**").

3. On November 5, 2019, the Court entered an order [Docket No. 316] (the "**Confirmation Order**") confirming the Plan. The Plan became effective, and was substantially consummated, on December 12, 2019. *See* Docket No. 364.

4. As of the date hereof, the Plan has been fully administered.

## Jurisdiction

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Post-Effective Date Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The statutory and legal predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3022-1.

## Relief Requested

8. By this Motion, the Post-Effective Date Debtor requests, pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3022 of the Bankruptcy Rules and Local Rule 3022-1, entry of an order, substantially in the form attached hereto as Exhibit A

(the "**Proposed Order**"), granting a final decree closing this chapter 11 case and terminating the Claims Agent Services provided by Epiq.

## Basis for Relief Requested

### A. Final Decree Closing this Chapter 11 Case

9.   Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

10.   The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. However, the Advisory Committee Notes to Bankruptcy Rule 3022 (the "**Advisory Committee Notes**") set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

  a. Whether the order confirming the plan has become final;

  b. Whether deposits required by the plan have been distributed;

  c. Whether the property proposed by the plan to be transferred has been transferred;

  d. Whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

  e. Whether payments under the plan have commenced; and

  f. Whether all motions, contested matters, and adversary proceedings have been finally resolved.

3

Fed. R. Bankr. P. 3022, Advisory Committee Notes.

11.     This Court has adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

12.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. *See*, *e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

13.     The Advisory Committee Note further indicates that entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed," and the Court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Committee Notes. Additionally, the Advisory Committee Note states that "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." *Id.*

14. Indeed, Bankruptcy Rule 3022 was amended in order to

> set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue. . . . As is evident by the Committee note, the Advisory Committee interprets "fully administered" very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code § 350 and the Rule literally read.

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt.) (emphasis added).

15. The chapter 11 case is "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. Specifically,

   a. The Confirmation Order was not appealed and has become final.

   b. The Post-Effective Date Debtor has assumed the management of the Post-Effective Date Debtor Assets and the Liquidating Trustee has assumed the management of the Liquidating Trust Assets.

   c. Substantially all distributions contemplated to be made under the Plan have been made or will be made in accordance with the terms of the Plan. Indeed, the only distributions that will not be made as of the date of entry of the Proposed Order or shortly thereafter are distributions on account of (i) the Post-Effective Date Debtor's obligations under the Exit Financing, (ii) the net proceeds, if any, from the Retained Causes of Action, and (iii) the net proceeds, if any, from the liquidation of the Residual Assets.[3] All such remaining distributions will be made in accordance with the terms of the Plan.

   d. All motions, contested matters, and adversary proceedings in this chapter 11 case have been finally resolved.

---

[3] In addition to such remaining distributions, in accordance with the terms of the Plan the Post-Effective Date Debtor will, among other things, transfer any remaining Mortgage Reconciliation Work Funds to the Mortgage Reconciliation Escrow Account or the Approved Charity, as applicable, prior to termination of the Post-Effective Date Debtor. For the avoidance of doubt, the Mortgage Reconciliation Work Funds will be used by the Post-Effective Date Debtor or its designee only to perform the Mortgage Reconciliation Work and will not be used to fund any distributions to holders of Allowed Claims under the Plan.

16. In addition, all expenses arising from the administration of this chapter 11 case, including court fees, U.S. Trustee fees, professional fees, and expenses, have been paid or will be paid as and when such fees and expenses come due. As of the scheduled hearing date of this Motion, the only such fees and expenses that will not have been paid are U.S. Trustee fees for the stub period during the first calendar quarter of calendar year 2020, and certain fees due to Professionals.[4] As such, closing the chapter 11 case complies with Local Rule 3022-1.

17. Finally, concurrently with the filing of this Motion, the Post-Effective Date Debtor filed a final report under Local Rule 3022-1(c). Accordingly, the Post-Effective Date Debtor submits that there is ample justification for entry of the Proposed Order granting a final decree closing this chapter 11 case.

### B. Termination of Claims Agent Services

18. In addition to the foregoing, upon the closing of the chapter 11 case, the Post-Effective Date Debtor or the Clerk of this Court will not require Epiq to provide the Claims Agent Services. Therefore, consistent with this Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)* (the "**Claims Agent Protocol**"), the Post-Effective Date Debtor requests that the Proposed Order relieve Epiq of its obligation to continue performing such services as described in the Epiq Retention Order and the Engagement Agreement (as defined in the Epiq Retention Order).

19. Consistent with the Claims Agent Protocol and Local Rule 2002-1(f)(ix), (xii), within twenty-eight (28) days after this Court's entry of the Proposed Order, Epiq will: (i) forward to the Clerk an electronic version of all imaged claims; (ii) upload the creditor mailing list into

---

[4] A hearing on the final fee applications of Professionals is scheduled for February 5, 2020, which is the same date as the hearing on this Motion. The Post-Effective Date Debtor intends to submit a proposed form of order approving such applications under certification of counsel prior to such hearing.

CM/ECF; and (iii) docket a Final Claims Register in this chapter 11 case. Finally, Epiq will box and transport all original proofs of claim forms in this chapter 11 case to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

### Notice

20.    In accordance with Local Rule 3022-1(b), the Post-Effective Date Debtor shall provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware (Attn: Linda Richenderfer, Esq.); (ii) attorneys for GE Capital US Holdings, Inc., Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Gary T. Holtzer, Esq. and Jacqueline Marcus, Esq.); and (iii) all parties who have filed a request for notice under Bankruptcy Rule 2002 and Local Rule 9013-1. The Post-Effective Date Debtor respectfully submits that no further notice of this Motion is required.

**No Prior Motion**

21. The Post-Effective Date Debtor has not made any prior motion for the relief sought in this Motion to this Court or any other.

WHEREFORE, the Post-Effective Date Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and any other relief as is just and proper.

Dated: January 15, 2020
Wilmington, Delaware

*/s/ Travis J. Cuomo*
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
Travis J. Cuomo (No. 6501)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
silberglied@rlf.com
shapiro@rlf.com
schlauch@rlf.com
cuomo@rlf.com

*Attorneys for the Post-Effective Date Debtor*